[Civil No. 805.   Filed March 20, 1903.]

[71 Pac. 917.]

GEORGE B. UPTON et al., Defendants and Appellants, v. ALBERT WEISLING, Plaintiff and Appellee.

1. CONVEYANCE — ACTION TO SET ASIDE — FRAUD — PLEADING—ALLEGATIONS—SUFFICIENCY—MINES AND MINING.—In an action to set aside a conveyance of plaintiff's one-third interest in a mining claim, the complaint alleged specific fraudulent acts on the part of plaintiff's co-owners, and that defendant, the purchaser, was a party to and

cognizant of all the fraudulent acts, misrepresentations, and deceit done, said, and practiced upon said plaintiff by his co-owners and parties interested therein, and that by reason of such fraudulent act plaintiff was induced to make the conveyance. *Held,* that the complaint stated a cause of action against the purchaser, and his demurrer thereto was properly overruled.

2. APPEAL AND ERROR—ASSIGNMENTS OF ERROR—FINDINGS OF FACT— MERE EXPRESSIONS OF COURT'S OPINION NOT REVIEWABLE.—Error predicated upon alleged findings which are mere expressions taken from the trial court's opinion, and not the findings of fact, which were signed by the judge and became the basis of the judgment, will not be reviewed.

3. PARTNERSHIP — JOINT VENTURES — SALE OF PROPERTY — FRAUD — SECRET PROFITS—LIABILITY OF PARTNERS—MINES AND MINING.— Defendants, co-owners of a mining claim, with plaintiff, represented that defendant L. was to purchase the claims in controversy for eight thousand dollars, and, relying upon representations, plaintiff conveyed his interest to defendant L. for $2,666. As a matter of fact, L. had transferred to defendants, plaintiff's co-owners, in addition to their proportionate share of the eight thousand dollars, twenty thousand dollars of the capital stock of a corporation organized to operate the mine. *Held,* that the relations of plaintiff and his co-owners were of such mutual and confidential nature as required of them full disclosure of all the facts pertaining to the consideration for the sale, and that equity requires that plaintiff should receive his proportionate share of the capital stock issued to his co-owners.

4. SAME — SAME — SAME — SAME — SAME—LIABILITY OF PURCHASER— MINES AND MINING.—Plaintiff was induced by his co-owners to convey his one-third interest in certain mining property, they representing to him that the entire property was to be sold for eight thousand dollars, whereas in fact, by a secret agreement with the purchaser, they were to receive, in addition to their share of the purchase price, twenty thousand dollars in capital stock of a corporation to be organized to work said property. While defendant purchaser had knowledge of the fraud practiced upon plaintiff by his co-owners in misrepresenting the purchase price, he did not participate in the deception, nor did their concealment enable him to get the property at any better price, or benefit him in any wise. *Held,* that the relation of defendant purchaser to plaintiff was different from that of the co-owners, and a judgment against him for a proportionate share of the stock issued was unwarranted.

APPEAL from a judgment of the District Court of the Fourth Judicial District in and for the County of Yavapai. Richard E. Sloan, Judge. Modified.

The facts are stated in the opinion.

Frank W. Ellis, and Herndon & Norris, for Appellants.

There is no construction to be placed upon the language of the complaint that would justify a claim that it designated any act of fraud on Lamb's part; the general allegation that he was cognizant of all the fraudulent acts and misrepresentations of Upton and Hatfield is no charge of any fact against him. *Estep* v. *Armstrong*, 69 Cal. 536, 11 Pac. 132; *Kent* v. *Snyder*, 30 Cal. 667; *Castle* v. *Bader*, 23 Cal. 76; *Ockendon* v. *Barnes*, 43 Iowa 615; *Butler* v. *Viele*, 44 Barb. 166; *Beaubien* v. *Beaubien*, 23 How. (U. S.) 190, 16 L. Ed. 484; *Leavenworth L. and G. R. Co.* v. *Commissioners of Douglass County*, 18 Kan. 169.

When a case is tried by the court and there are findings of fact, such findings must support the judgment. *Kinsey* v. *Green*, 51 Cal. 379; *Swift* v. *Muygridge*, 8 Cal. 445; *Majors* v. *Cowell*, 51 Cal. 478; *Northern Pacific R. R. Co.* v. *Reynolds*, 50 Cal. 90; *Wood* v. *Larue*, 9 Mich. 158.

Robert E. Morrison, and J. H. Collins, for Appellee.

If equity appears in plaintiff, however defectively pleaded, the demurrer will be overruled; it is sufficient if the main facts and incidents which constitute the fraud against which relief is desired shall be fairly stated, so as to put the defendant upon his guard and apprise him of what answer may be required of him. *Kelley* v. *Boettcher*, 85 Fed. 55, 29 C. C. A. 14; *United States* v. *American Bell Tel. Co.*, 128 U. S. 356, 9 Sup. Ct. 90, 32 L. Ed. 458; *Harding* v. *Handy*, 11 Wheat. 103, 6 L. Ed. 429; *St. Louis* v. *Knapp Co.*, 104 U. S. 658, 26 L. Ed. 883.

Where collusion and combination to cheat and defraud are charged, a demurrer will not lie; they must answer fully. *Shearer* v. *Shearer*, 50 Miss. 113.

While a purchaser dealing at arm's length is not liable in damages for remaining silent as to any fact affecting the value of the property, yet if he says or does anything, however slight, to prevent inquiry or to influence the seller to part with the property for less than its value, the transaction is vitiated by fraud. *Laidlaw* v. *Organ*, 2 Wheat. 178, 4 L. Ed. 214; *Livingston* v. *Peru Iron Co.*, 2 Paige Ch. 390.

The co-owners of mines occupy such confidential relations as to require full disclosures of all facts which affect the value of the mines to their associates. *Daniel* v. *Brown,* 33 Fed. 849; *Gruber* v. *Baker,* 20 Nev. 453, 23 Pac. 858; 9 L. R. A. 302; *Curran* v. *Campion,* 85 Fed. 67, 29 C. C. A. 26; *Donovan* v. *Campion,* 85 Fed. 71, 29 C. C. A. 30.

DAVIS, J.—On the thirtieth day of April, 1901, Albert Weisling commenced an action in the district court of Yavapai County against George B. Upton, Ben Hatfield, Garrett E. Lamb, and the Oro Grande Mining Company. His amended complaint, covering many pages of the transcript, sets forth, in substance: An agreement alleged to have been entered into between the plaintiff and the defendants George B. Upton and Ben Hatfield on or about September 20, 1900, by which the three were to become associated in the location, development, and sale of mining properties; that by the terms of said agreement such properties were to be acquired jointly by the said Upton, Hatfield, and the plaintiff, and all were to share equally therein, and in the benefits, profits, and losses of the venture; that in pursuance of their said agreement the said parties located and became co-owners of six certain mining claims, situate in the Black Rock Mining District, in Yavapai County; that the plaintiff was ignorant and inexperienced in the business of selling mines, and without knowledge of the value of mines, but that the said Upton was a person of great skill, knowledge, and experience in mining, and as a dealer in mining properties; that the plaintiff fully trusted and relied upon his associates, Upton and Hatfield, and believed that they would, in all things connected with said enterprise, regard and protect his interests equally with their own, and that no unfair advantage would be taken of him by either of them; that the said Upton and Hatfield, contriving and intending to injure, cheat, and defraud the plaintiff, and to deprive him of his just share in the value of the aforesaid mining claims, unlawfully, and in violation of their duty to the plaintiff, and of the trust and confidence reposed by him in them, artfully concealed from him certain material facts relating to the value of said properties, and their own purposes concerning the development and sale thereof, to the end that the plaintiff might be induced to part with his interest in said property

for a grossly inadequate consideration; that, through the influence and persuasion of Upton and Hatfield, the plaintiff was induced to authorize and consent to a sale of all of the aforesaid mining claims at the price of ten thousand dollars; that no sale, however, was effected on this basis; that the plaintiff was informed by the said Upton and Hatfield that the defendant Garrett E. Lamb, a resident of Iowa, was considering the purchase of said properties, but would not agree to pay more than the sum of eight thousand dollars for the same; that no better price than this could be obtained from any source, and that they were willing and anxious to sell at this price; that the plaintiff, being ignorant of the real and prospective value of said properties, and relying upon the friendship, superior judgment, and good faith of his associates, Upton and Hatfield, consented that said properties might be sold to said Lamb for the sum of eight thousand dollars, the proceeds to be equally divided between the three owners; that, in pursuance of a pretended agreement of sale on these terms, the plaintiff, on January 3, 1901, executed to the said Lamb a bond or option on plaintiff's one-third interest in the said mining claims at the price of $2,666, and simultaneously therewith executed a deed therefor, and deposited the same in escrow; that on March 18, 1901, the said Lamb, in compliance with the option agreement, paid to the plaintiff the sum of $2,666, took said deed out of escrow, and placed it of record. The complaint further sets forth that, notwithstanding their representations to the contrary, the said defendants Upton and Hatfield did not sell or dispose of their interest in said mining claims, but that they are still part owners therein; that their pretense of selling was in furtherance of a formed design and fraudulent purpose to deceive and defraud the plaintiff, and to secure to themselves and to the said Lamb the plaintiff's interest in said property; that, at the time and prior to the execution of the option and deed by the plaintiff, the said mining claims were worth in excess of two million dollars; that the defendants Upton and Hatfield then knew that such was their value; that the defendant Lamb was a party to, and cognizant of, all the fraudulent acts, misrepresentations, and deceit done, said, and practiced by Upton and Hatfield against the rights and property of the plaintiff, and that all three of said defendants were acting in collusion to

cheat and defraud the plaintiff of valuable property, and to obtain the same for a ridiculously small and grossly inadequate consideration; that, solely, by reason of the fraud, deceit, collusion and wrongs of the defendants Upton, Hatfield, and Lamb, the plaintiff was induced as aforesaid to convey away his interest in said mining claims; that the Oro Grande Mining Company, through its agents and officers, assert some right or title to said properties, and, in conjunction with its co-defendants herein, works, operates, and controls the same. The plaintiff, offering to return the $2,666 received as a consideration for said conveyance, and to do all manner of equity required of him, prayed judgment for the rescission or cancellation of the deed executed by him for said mining claims, and that he be restored to his one-third interest therein. He also asked for such other and further relief as he might in law or equity be entitled to.

The defendants George B. Upton and Ben Hatfield, by their answer, denied generally and specifically all allegations of said complaint which charged them with any fraud, deceit, collusion, or wrong-doing against the plaintiff. The defendant Garrett E. Lamb interposed, and urged a general demurrer to the complaint, which was overruled. There was also filed in his behalf a separate answer, which contains specific denials of all averments of the complaint in any way imputing to him fraudulent collusion with Upton and Hatfield, or charging him with fraudulent conduct against the plaintiff. There was a separate answer by the Oro Grande Mining Company, asserting full title to said mining property derived by purchase in good faith. The evidence at the trial tended to establish, among other things, that on January 3, 1901, when the plaintiff, Weisling, executed his option and deed for the sale of his one-third interest in said mining claims to Lamb at the price of $2,666, the defendants Upton and Hatfield had already entered into an option agreement with Lamb, by the terms of which they were to receive, as consideration for the transfer of their two-third interest, the sum of $5,333, and, in addition thereto, one third of the capital stock of a corporation to be organized for the purpose of taking over the title to said mining properties and developing the same; that thereafter the said Upton and Hatfield received from Lamb the said sum of $5,333, and

made a deed of their said interest to him, as trustee; that Lamb thereupon caused to be organized the Oro Grande Mining Company, a corporation with a capital stock of sixty thousand dollars, and deeded to said company the aforesaid mining claims; that twenty thousand dollars of the capital stock of said company was delivered to Upton and Hatfield, in compliance with their agreement with Lamb. The court below, in its judgment, did not grant the plaintiff relief to the extent of ordering a rescission of the deed executed by him to Lamb, but entered a decree requiring the defendants Upton, Hatfield, and Lamb, to deposit in court for the plaintiff's benefit one third of twenty thousand dollars of the capital stock of the Oro Grande Mining Company, or, in default thereof, that the plaintiff recover judgment against them for the face value of the said stock. The case was ordered dismissed as to the defendant company. The defendants Upton, Hatfield, and Lamb have taken an appeal from the judgment and decree so entered.

The first assignment of error is made in behalf of Lamb alone, and is based upon the overruling of his demurrer to the complaint. It is claimed that, as to this defendant, the allegations of fraud made by the complaint are too general, and only averments of legal conclusions. We think that counsel have misconceived the scope and effect of the complaint as it relates to the defendant Lamb. Clearly, there is a direct and concise statement of the facts connecting him with all the misrepresentations and deceit alleged in the complaint against Upton and Hatfield. It is sufficient if the main facts or incidents which constitute the fraud against which relief is desired shall be fairly stated, so as to put the defendant upon his guard and apprise him of what answer may be required of him. Story's Equity Pleading, sec. 252.

It is claimed that the court erred in its findings of fact, but the alleged findings upon which error is sought to be predicated are mere expressions taken from the trial court's opinion, and not the findings of fact which were signed by the judge and became the basis of the judgment. These latter are contained in the record, but, through some inadvertence, appear to have escaped the attention of counsel for appellants. They show that, upon the material and disputed points in the case, the trial court found as follows: "That on or about the third

day of January, 1901, plaintiff herein executed an option to
the defendant Garrett E. Lamb, granting the said Garrett E.
Lamb therein the right to purchase his one-third interest in
and to said property for the sum of $2,666, and at the same
time executed a deed to said one-third interest in and to said
property to said defendant Garrett E. Lamb, and deposited
the same in escrow to be delivered to said Lamb in the event
that the latter should pay to plaintiff the purchase price in
said option named, to wit, the sum of $2,666. That prior to
said 3d day of January, 1901, and prior to the execution of
said option and deed, said plaintiff authorized defendant
George B. Upton to negotiate a sale of said property upon the
agreed price of ten thousand dollars for the whole thereof.
That, at the time of the execution of said option and deed,
defendants Upton and Hatfield represented to plaintiff that
they were willing and desirous of selling the property herein
described for the sum of eight thousand dollars, and that the
defendant Garrett E. Lamb was willing to purchase the same
for said sum of eight thousand dollars, and that no further
sum would be paid by said Lamb for said property, but that
the said sum of eight thousand dollars was all that could be
had for the same. That plaintiff herein was induced and
persuaded to give said option, and to execute said deed for
the sum of $2,666, by reason of said representations, so made
as aforesaid by said Upton and Hatfield, that the sum of eight
thousand dollars was the full purchase price of said property,
and that no greater or further sum or sums could be had from
the purchaser, said Garrett E. Lamb. That subsequently, and
on the eighteenth day of March, 1901, said defendant Garrett
E. Lamb paid to the plaintiff herein the said sum of $2,666,
and obtained the said deed, placed as aforesaid in escrow, and
had the same recorded in the office of the county recorder of
said county. That, prior to the execution by plaintiff to said
Lamb of said option and deed, the defendants Upton and
Hatfield had entered into an agreement with said defendant
Lamb, wherein it was agreed that said defendants Upton and
Hatfield should convey to a corporation thereafter to be formed
all their right, title, and interest in and to said property, in
consideration of the sum of $2,666 to be paid to each of said
defendants, and in addition thereto were to receive one third
of the capital stock of said corporation. That, in compliance

VIII Ariz.—20

with the said agreement, said defendant Garrett E. Lamb thereafterwards pay to said Upton and to said Hatfield the sum of $2,666 each, and did thereafterwards cause to be organized a corporation known as the 'Oro Grande Mining Company,' with a capital stock of $60,000, and did thereafterwards cause to be issued to said Upton and to said Hatfield, as a further consideration for said conveyance, the sum of twenty thousand dollars of the capital stock of said Oro Grande Mining Company, fully paid. That, at the time plaintiff gave his said option and deed to said defendant Lamb, he did not know that said Upton and Hatfield were to receive any other consideration for their conveyance of their interests in said property than the money consideration hereinbefore set forth, nor did he, at the time when said defendant Garrett E. Lamb paid the plaintiff the purchase price agreed upon for plaintiff's interest, have any knowledge that said Upton and Hatfield were to receive any other or different consideration than said money consideration hereinbefore set forth. That by reason of said concealment by said Upton and said Hatfield of the fact that they were to receive any additional consideration than said money consideration for said conveyance of their said interests, and by reason of the actual representations made to said plaintiff by said Upton and Hatfield that the full purchase price for the entire property was to be the sum of eight thousand dollars, and that no further sum or sums could be had therefor from said Lamb, the said plaintiff was persuaded, induced, and influenced to reduce the selling price of his one-third interest in and to said property from the sum of $3,333.33 to the said sum of $2,666. That the said Garrett E. Lamb knew at the time of the execution of said option and deed, and at the time of the completion of the purchase of plaintiff's one-third interest, of said concealment and misrepresentations on the part of said Upton and Hatfield. The court further finds that no other or further wrong, deceit, concealment, or misrepresentation was practiced upon said plaintiff by any of the defendants herein than that above found. The court further finds that there are stockholders of the Oro Grande Mining Company, one of the defendants herein, who had no knowledge of the concealment, deceit, and misrepresentations hereinbefore set forth.'' All of the above findings were based upon the evidence presented at the trial,

and we think that no one of them is subject to the objection
that it is not fairly sustained by proofs.

It is further urged that the judgment as rendered is not
supported either by the evidence or the findings, and par-
ticularly that the state of the case did not warrant any
judgment against the defendant Lamb. The evidence did not
sustain all of the allegations of fraud which the complaint
contained, and it is to be observed that the trial court only
declared, by its finding, that misrepresentation and conceal-
ment had been practiced by the defendants in relation to the
price which could be obtained for the joint property. It is
clear to us from the evidence that the relations between the
plaintiff and his co-owners were such as required of them full
disclosure of all the facts pertaining to the consideration for
the proposed sale. These relations were of a mutual and
confidential character, and the plaintiff was relying and act-
ing altogether upon the good faith of his two associates. The
*status* was not that of parties dealing with a third ''at arm's
length.'' So that we have no hesitancy in saying that the
plaintiff, having been induced by the defendants Upton and
Hatfield to part with his interest in the joint property upon
their representation that the price of eight thousand dollars
was to be obtained for the whole thereof, it was right and
equitable that he should be decreed to have his proportionate
share of the twenty thousand dollars stock received as con-
sideration by said defendants in excess of that sum. But,
while approving the judgment of the court below in so far
as it relates to the defendants Upton and Hatfield, we do not
think there is justification, either in the evidence or the
findings of the court, for subjecting the defendant Lamb to
the terms imposed against Upton and Hatfield. As the pur-
chaser, his relation to the transaction was different from theirs,
and the duty which he owed to the plaintiff dissimilar. The
finding was merely that he had knowledge of the misrep-
resentation and concealment on the part of Upton and Hatfield
concerning the purchase price. The court did not find that
he participated in the deception. It does not appear that
the fraud practiced upon the plaintiff by Upton and Hatfield
enabled Lamb to get the property at any better price, or that
he was in any wise benefited thereby. Not having received
any portion of the twenty thousand dollars stock, he could

not surrender the same, and we think there was error in making him subject to the provisions of the decree.

The judgment will be modified to the extent of relieving the defendant Lamb from its operation, and in all other respects will be affirmed.

Kent, C. J., and Doan, J., concur.