[Civil No. 1297.   Filed June 29, 1914.]

[141 Pac. 716.]

T. R. L. DAUGHTREY, Appellant, v. HERMOSA LEAD AND ZINC COMPANY, a Corporation, J. E. RUSSELL, PETER GAUTRIAND, JAMES S. ACKER, J. S. ACKER & COMPANY, a Corporation, O. A. HESLA, J. C. McINTOSH and C. H. LODER, Appellees.

1. PLEADING—DEMURRER—ADMISSIONS BY DEMURRER.—On demurrer the court should not pay any attention to forms if it can find in the complaint any allegations which, under any view of them, may give the plaintiff a right to recover.

2. FRAUD—PLEADING—ALLEGATIONS OF FRAUD.—A complaint, which alleged that at the special instance and request of defendants plaintiff undertook the sale of 200,000 shares of the capital stock of defendant company, that he was induced to undertake such sale by numerous representations made by defendants, that he did sell more than 100,000 shares among his clients, etc., that the representations were false and known to be so by defendants, that they were made with intent to deceive plaintiff, etc., and did deceive him, that plaintiff relied upon the representations and hence was damaged, etc., was not vulnerable to general demurrer, as it would support a judgment if recovered.

APPEAL from a judgment of the Superior Court of the County of Yavapai.   J. C. Phillips, Judge.   Reversed and remanded.

The facts are stated in the opinion.

Mr. N. A. Vyne and Mr. Henry F. Ashurst, for Appellant.

Mr. J. E. Russell, for Appellees.

COOPER, J.—On the 29th of June, 1911, T. R. L. Daughtrey filed a complaint in the superior court of Yavapai county against Hermosa Lead and Zinc Company, a corporation, and others.   His complaint, which is quite lengthy, sets forth, in substance, that at the special instance and request of defendants plaintiff undertook the sale of not more than 200,000 shares of the capital stock of the defendant Her-

mosa Lead and Zinc Company, upon a certain margin of profit; that he was induced to engage in the sale of the stock by numerous representations made by defendants regarding certain mining properties owned by them; that he did sell more than 100,000 shares of the said stock among his clients, and that subsequent to the sale of the stock he learned that all the representations made to him by defendants were false and untrue; that all of defendants knew at the time such representations were made that they were false and untrue; that they were made with intent to deceive plaintiff and the public generally, and did deceive plaintiff, and, through plaintiff, who repeated the false representations made to him by said defendants, also deceived plaintiff's clients; that plaintiff relied upon said representations, believing them to be true, and, in consequence thereof, he was damaged in business and reputation, for which he seeks to recover. This, briefly, sets forth the claims of plaintiff. The defendants in the court below interposed demurrers to the complaint, both special and general, and the demurrers were sustained. Plaintiff refused to amend, but elected to stand upon his complaint, which was thereupon dismissed.

By agreement of counsel for the respective parties, the sole question for this court to consider and determine is the sufficiency of the complaint as against general demurrer. As before remarked, the complaint is very voluminous and contains much that is immaterial and irrelevant—much that is in the nature of "trade talk," promises to be fulfilled in the future, and mere expressions of opinion. Yet on demurrer the court should not pay any attention to forms if it can find in the complaint any allegations which, under any view of them, may give the plaintiff the right to recover. In *Amestoy* v. *Electric Rapid Transit Co.*, 95 Cal. 311, 30 Pac. 550, the court said:

"The demurrer is only on the general ground that the complaint does not state facts sufficient to constitute a cause of action. . . . Respondent states the rule to be that only those allegations of the complaint are admitted by the demurrer which are material, and which are well pleaded. As a general proposition, that is undoubtedly correct; but it must be taken in connection with the other well-established rules of pleading. A complaint which would be obnoxious to a general de-

murrer would not support a judgment. When the latter question arises, courts have always discriminated between insufficient facts and an insufficient statement of facts; and where the necessary facts are shown by the complaint to exist,'' etc.   1 Sutherland on Pleading, secs. 248–305.

In argument counsel questioned the sufficiency of the allegations to constitute a charge of fraud.   In *Upton* v. *Weisling,* 8 Ariz. 298, 304, 71 Pac. 917, 919, the court, commenting upon the sufficiency of the complaint as regards the allegations of fraud, used the following language:

''It is sufficient if the main facts or incidents which constitute the fraud against which relief is desired shall be fairly stated, so as to put the defendant upon his guard and apprise him of what answer may be required of him.''

This is the rule laid down in Story's Equity Pleading, section 252, and is supported by numerous well-considered authorities.

While the elements of plaintiff's cause of action in the case here under consideration are very inartificially stated enough can be gathered from the allegations of the complaint to support a judgment if recovered.   It follows in our opinion, therefore, that the demurrer should have been overruled.

Judgment of the court below is reversed and the cause remanded for further proceedings.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

N. B.—ROSS, J., being disqualified and announcing his disqualification in open court, the remaining judges, under section 3 of article 6 of the Constitution, called in Hon. WM. F. COOPER, Judge of the superior court of the state of Arizona, in and for the county of Pima, to sit with them in the hearing of this case.