[Civ. No. 13731. Second Dist., Div. Two. Oct. 27, 1942.]

CHARLES S. PELLETT, Appellant, v. SONOTONE CORPORATION (a Corporation) et al., Respondents.

Joseph D. Taylor and Russell F. Hager for Appellant.

G. L. Compton in pro. per., and Eugene S. Ives and Leonard Wilson for Respondents.

McCOMB, J.—From a judgment in favor of defendants after trial before a jury predicated upon the granting of defendants' motions for nonsuits on the grounds that:

(1) Plaintiff's cause of action was barred by the statute of limitations (subd. 3, § 340, Code Civ. Proc.), and

(2) The evidence failed to disclose negligence on the part of defendants or either of them,

plaintiff appeals. The action is one for damages resulting from the alleged negligence of defendants in failing to remove from plaintiff's ear all of the plaster of Paris used in making a cast thereof.

Viewing the evidence in the light most favorable to plaintiff (appellant), as we must in reviewing an appeal from a judgment predicated upon the granting of a motion for a nonsuit, the essential facts are:

On or about March 22, 1939, plaintiff agreed to purchase from defendant Sonotone Corporation a hearing device known as an individually moulded "eartip." March 22, 1939, defendant Brown, an agent of his codefendant Sonotone Corporation, arranged with defendant Compton, a dentist, to make a plaster impression of plaintiff's ear, which impression was necessary to properly fit plaintiff with the "eartip" he had agreed to purchase. On the date just mentioned defendant Compton placed plaster of Paris in plaintiff's ear for the purpose of making a plaster impression thereof. This was accomplished by placing cotton pellets in plaintiff's ear and thereafter pouring plaster into it. After about five minutes defendant Compton removed the cast from plaintiff's ear. The making of the cast took place in the presence of defendant Brown, to whom it was handed upon removal from plaintiff's ear. Defendant Brown had been instructed by his codefen-

dant the Sonotone Corporation in the method of taking plaster impressions of an ear.

On the way home from defendant Compton's office plaintiff complained to defendant Brown that his ear hurt, but was informed such pain was to be expected. Again in October of 1939 plaintiff complained to defendant Brown that his ear hurt, but was informed that he would get used to the "eartip." February 5, 1940, due to the pain in his ear, plaintiff consulted Dr. Nillson who, upon examination, told him there was a hard substance like stone in his ear, which was subsequently removed and found to be bits of plaster and cotton. The first time plaintiff learned there was a foreign substance in his ear was on February 5, 1940, when Dr. Nillson so informed him.

Dr. Nillson testified that there is an instrument with a light which enables anyone to look into the ear as far as the drum to ascertain if a foreign substance is present. It is conceded that defendant Compton did not use any instrument in examining plaintiff's ear after making the plaster cast to ascertain if he had removed all of the plaster and cotton which he had placed therein. The present action was commenced May 10, 1940.

Plaintiff relies for reversal of the judgment on two propositions, which will be stated and answered hereunder seriatim.

■ *First: In an action to recover damages for negligently failing to remove from a human body a foreign substance which defendant has placed there, the statute of limitations commences to run from the date the plaintiff discovered, or from the use of reasonable diligence should have discovered, that the foreign substance had not been removed, and the statute of limitations does not commence to run from the date the substance is placed in the human body.*

This proposition is tenable. It is the general rule that in tort actions the statute of limitations commences to run from the date of the act causing the injury. (*Petrucci* v. *Heidenreich*, 43 Cal.App.2d 561, 562 [111 P.2d 421].) There is a recognized exception to this rule in California, which is:

That if a foreign substance is negligently left in the human body by a defendant, the statute of limitations does not commence to run until the plaintiff has discovered the fact that a foreign substance has been left in his body or through the use of reasonable diligence should have discovered it. (*Ehlen* v. *Burrows*, 51 Cal.App.2d 141, 144, 145 [124 P.2d 82].)

Applying the foregoing rule to the facts of the instant case, it appears that plaintiff did not discover, nor through the use of reasonable diligence should he have discovered, that the plaster of Paris had been left in his ear by defendant Compton until February 5, 1940; and, since the present action was commenced May 10, 1940, it was filed within a year of the date plaintiff learned that he had a cause of action against defendants and was thus not barred by the statute of limitations.

 *Second: There was substantial evidence, assuming the above statement of facts to be true, to support a judgment in favor of plaintiff.*

This proposition is tenable. Assuming for the purpose of this appeal only that the above statement of facts is true, we are of the opinion that the trial jury might reasonably have believed that defendant Compton and defendant Brown were agents of defendant Sonotone Corporation and that defendant Compton and defendant Brown were negligent in not having used an appropriate instrument to examine plaintiff's ear after the plaster cast was made to be certain that none of the plaster or cotton used remained in his ear, and likewise that plaintiff was not dilatory in discovering that some of the plaster and cotton had been negligently left in his ear.

For the foregoing reasons the judgment is reversed.

Moore, P. J., and Wood (W. J.), J., concurred.