[Civ. No. 7270. Third Dist. Jan. 27, 1947.]

HERMAN S. BOWMAN, Appellant, v. EARL McPHEETERS et al., Respondents.

Emmett R. Burns for Appellant.

Hadsell, Sweet & Ingalls for Respondents.

PEEK, J.—Plaintiff has appealed from a judgment entered on an order sustaining, without leave to amend, the demurrer to his fifth amended complaint which seeks a recovery for damages for malpractice.

By its order sustaining the demurrer, the trial court concluded that the cause or causes of action were barred by section 340, subdivision 3, of the Code of Civil Procedure, providing a one-year period of limitation for the commencement of an action for injury by the wrongful act or neglect of another. Likewise, the only ground of attack on the sufficiency of the complaint urged on appeal by the appearing defendant is the bar of said statute of limitation.

An examination of the complaint, which is not a model of pleading, reveals the following facts:

On August 6, 1941, plaintiff engaged the services of defendant Earl McPheeters, a licensed physician and surgeon to remove a steel sliver from his arm and treat the resulting wound. In the course thereof, X-ray equipment was used, which was operated by defendants in such a careless and negligent manner that it burned and injured plaintiff's arm and thereby caused a cancerous growth to form in the tissues thereof. About two weeks thereafter, due to the sore and inflamed condition of his arm, plaintiff consulted defendant McPheeters and inquired as to its cause. Said defendant stated that there had been too much heat applied to the arm, and that there was nothing wrong with it, and told the plaintiff not to worry. However, at the time of making such statements, defendant McPheeters ''well knowing the cancerous condition of plaintiff's arm . . . fraudulently refused, and with the intent to deceive the said plaintiff, did not advise nor reveal to the plaintiff the true condition of his said arm.'' For a period of approximately one month said defendant continued to treat plaintiff's arm, still failing to disclose its true condition.

Thereafter, in the month of November, 1943, plaintiff's arm being sore and inflamed, he again consulted defendant McPheeters, who examined the arm, and, falsely, fraudulently and with intent to deceive, stated to plaintiff that he had steel poisoning in said arm from the steel sliver, but that his arm would be all right and that he was not to worry about it. Approximately three weeks thereafter plaintiff again consulted said defendant, who again examined the arm and again, falsely, fraudulently and with intent to deceive, stated that there was nothing wrong with plaintiff's arm.

In the following month plaintiff sought and secured medical attention and treatment from other physicians and surgeons who informed him that the failure of said arm to heal was caused by the cancerous growth that had formed in the tissues and not by the steel sliver. This was the first time plaintiff learned the true condition of his arm, having had faith in the ability of said defendant and having relied on said false and fraudulent statements, whereby he was induced to refrain from seeking treatment from other physicians or surgeons. It is alleged further that by reason of the said negligence of defendants, plaintiff was required to undergo an expensive

operation and, as he is advised, will be obliged to be hospitalized for other and further operations in the future.

In support of his position that the action is not barred by limitation, plaintiff advances two contentions: that his cause of action did not accrue until November, 1943, the time when his treatments by defendants ceased, under the doctrine of *Huysman* v. *Kirsch*, 6 Cal.2d 302 [57 P.2d 908], and cognate cases; and that even if his cause of action accrued in August, 1941, when the X-ray burns were inflicted or at some time prior to November, 1943, the complaint shows that the facts upon which the cause of action is based were fraudulently concealed from him by the defendants.

We are of the opinion that the latter contention is well founded. "Technical rules as to when a cause of action accrues apply . . . only in those cases which are free from fraud committed by the defendant." (*Pashley* v. *Pacific Elec. Ry. Co.*, 25 Cal.2d 226, 232 [153 P.2d 325].) "Where a defendant is guilty of fraudulent concealment of the cause of action, the statute of limitation is deemed not to become operative until the aggrieved party discovers the existence of the cause of action." (*Hansen* v. *Bear Film Co. Inc.*, 28 Cal.2d 154, 178 [168 P.2d 946].)

It is the law in this state that the rules· to be applied in a case involving fraudulent concealment of a cause of action, in determining when the plaintiff discovered or should have discovered the facts giving rise to his cause of action, are the same as those which govern in cases falling within subdivision 4 of section 338 of the Code of Civil Procedure where fraud is the gravamen of the right of action. (*Sears* v. *Rule*, 27 Cal.2d 131, 147 [163 P.2d 443].)

Under those rules it is well established that, before a plaintiff may be held chargeable with want of diligence in failing sooner to discover the truth, he must have been under a duty to make the discovery.

"To impute notice, however, the circumstances must be such that inquiry becomes a duty and failure to make it a negligent omission of duty. The converse of the proposition is equally true. Where no duty is imposed by law to make inquiry, and where under the circumstances 'a prudent man' would not be put upon inquiry, the mere fact that means of knowledge are open and not availed of does not operate to give constructive notice of the facts." (20 Cal.Jur., p. 237, § 4.)

Many situations may arise where under the circumstances there was no duty on the part of the plaintiff to institute or

pursue inquiry. A considerable number of them have been reviewed by this court in the carefully considered opinion in *West* v. *Great Western Power Co.*, 36 Cal.App.2d 403, 406-414 [97 P.2d 1014].

Additionally a comprehensive and instructive discussion of the law on the subject of fraudulent concealment as tolling the operation of a statute of limitation is contained in the Pashley case, *supra*. While that was not a case of malpractice but involved rather the concealment by physicians employed by defendant company of the existence of a cause of action against their employer, the applicable principles are essentially the same, and cases of malpractice are reviewed at some length therein.

As pointed out in that decision, the basis of the doctrine which prevents a defendant in such a case from setting up the bar of the statute of limitation is estoppel in pais.

"In reality the ground of relief is that the defendant, having by fraud or deceit concealed material facts and by misrepresentations hindered the plaintiff from bringing an action within the statutory period, is estopped from taking advantage of his own wrong." (*Pashley* v. *Pacific Elec. Ry. Co.*, *supra*, at p. 231.)

It appears that all of the elements of estoppel by fraudulent concealment are sufficiently alleged in the complaint herein. There is a showing of knowledge on the part of the principal defendant, ignorance on the part of the plaintiff, misrepresentation and nondisclosure of material facts, intent to deceive, and reliance on said representation and nondisclosure. Likewise, it sufficiently appears that plaintiff was not negligent in failing to discover the true facts sooner, and that he was not unreasonable in placing reliance on the words and conduct of the defendants.

On the question of the diligence of plaintiff, the case of *Hudson* v. *Shoulders*, 164 Tenn. 70 [45 S.W.2d 1072], discussed in the Pashley opinion, at page 234, is of special interest because of the similarity of the facts therein to those in the present case.

That also was a malpractice case in which the trial judge sustained a demurrer invoking the one-year statute of limitation. The substance of the plaintiff's declaration is thus stated by the Tennessee Supreme Court, at page 1072 [45 S.W.2d]:

"Hudson alleges employment of defendants and their negligent use of the X-ray, first in May 1928, again in August 1928,

and at other later dates, and that following the August treatment he discovered redness and inflammation of the skin, apparent injury; that he called defendants' attention thereto, and that they, knowing otherwise, in the exercise of professional skill which plaintiff did not possess, falsely and fraudulently represented to him that no ill effects or injurious results would follow the apparent burn, and thus concealed from him the truth that he had been injured by their negligence, as he proved to be seriously and permanently, until after the running of the statutory period."

That court, in reversing the judgment and holding that the declaration sufficiently showed that the action was not barred by limitation, said, at page 1073 [45 S.W.2d] :

"He (the plaintiff) admits that he discovered that his skin was 'burned and blistered.' This would seem to have put him on notice. But his claim is that upon discovering this condition, the injurious effect or consequences of which he as a lay patient did not know and could not be charged with knowledge of, he promptly inquired of his physicians touching it, and was assured by them, despite their knowledge as professional men to the contrary, that this condition was in effect a mere incident of the treatment without serious or permanent injurious effects, and that he was thus lulled into ignorant security, and so kept until after the running of the statute."

Perhaps the most significant feature in the present case which makes inapplicable the doctrine of constructive notice is the existence of the relationship between the parties of physician and patient, which in contemplation of law is a fiduciary one. (20 Cal.Jur. p. 1072, § 20.) As fiduciaries it was the duty of defendants to make a full and fair disclosure to plaintiff of all facts which materially affected his rights and interests. This principle has been applied and expressed in one form or another in several recent decisions dealing specifically with the question of fraudulent concealment of a cause of action in its relation to the statute of limitation. (*Hansen* v. *Bear Film Co., Inc.*, 28 Cal.2d 154, 178-179 [168 P.2d 946]; *Sears* v. *Rule*, 27 Cal.2d 131, 148 [163 P.2d 443]; *Bollinger* v. *National Fire Ins. Co.*, 25 Cal.2d 399, 411 [154 P.2d 399]; *Pashley* v. *Pacific Elec. Ry. Co., supra*, at page 235.)

In the recent case of *Hobart* v. *Hobart Estate Co.*, 26 Cal.2d 412, 439-440 [159 P.2d 958], that court stated:

"Another pertinent factor is that there was a fiduciary relationship between the parties at the time of the fraudulent representations. Although the general rules relating to pleading and proof of facts excusing a late discovery of fraud remain applicable, it is recognized that in cases involving such a relationship facts which would ordinarily require investigation may not excite suspicion, and that the same degree of diligence is not required. In *Rutherford* v. *Rideout Bank*, 11 Cal.2d 479, 486 [80 P.2d 978, 117 A.L.R. 383], it was said that because of such a relationship plaintiff could not be charged with lack of diligence even though an inquiry would have disclosed the true value of the property involved. (See, also, *Bainbridge* v. *Stoner*, 16 Cal.2d 423, 430 [106 P.2d 423]; *Knapp* v. *Knapp*, 15 Cal.2d 237, 242 [100 P.2d 759]; *Lataillade* v. *Orena*, 91 Cal. 565 [27 P. 924, 25 Am.St.Rep. 219]; *Laraway* v. *First Nat. Bk. of La Verne*, 39 Cal.App.2d 718 [104 P.2d 95]; 12 Cal.Jur. 799; (1942) 30 Cal.L.Rev. 589, 591; cf. *Marston* v. *Simpson*, 54 Cal. 189; *Edward Barron Estate Co.* v. *Woodruff Co.*, 163 Cal. 561, 575-577 [126 P. 351, 42 L.R.A.N.S. 125].)"

Therefore, defendants having failed to discharge their duty of making full and fair disclosure in addition to having made false and misleading representations which at most amounted to a partial disclosure, they will not be heard to say that plaintiff was negligent in relying on the assumption that, had there been anything further to disclose in connection with the nature or extent of the injury, they would have disclosed it. (*Pashley* v. *Pacific Elec. Ry. Co., supra,* at page 235.) As stated in the case last cited, "Where there is a duty to disclose, the disclosure must be full and complete, and any material concealment or misrepresentation will amount to fraud sufficient to entitle the party injured thereby to an action."

No fact as to plaintiff's condition is alleged which could be deemed to have put him on earlier notice. Plaintiff's cause of action is based on the concealment of the cancerous condition in the tissues of his arm. Defendants' partial disclosure that there was too much heat applied to his arm but that there was nothing wrong with it is not such a fact. Obviously, the assurance that there was nothing wrong with it could not apply to the temporary redness and soreness which were apparent, but naturally would be understood as referring to a permanent and serious injury. In this connection it is

interesting to note that in the recent case of *Dodds* v. *Stellar, ante* p. 411 [175 P.2d 607], it appears that the X-ray burn which the plaintiff received on his injured finger was patently harmful, and that, although after some treatments he allowed a period of seven months to elapse before he reported its serious condition and more than one year before he brought the action, the question of limitations was not discussed and apparently was not raised at all.

The test for determining whether in a situation of this kind the plaintiff is put upon inquiry must not be based on an inference that might conceivably be drawn but rather on a conclusion which a reasonable person would be required to reach. As the Supreme Court stated in a recent decision: "The plaintiffs allege facts, which, if true, indicate that their discovery of the fraud of the defendants was not made until within three years of the commencement of the action. The facts alleged *do not require a conclusion* that the plaintiffs were placed on notice at an earlier date." (Italics added.) (*Neet* v. *Holmes*, 25 Cal.2d 447, 467 [154 P.2d 854].)

We must not lose sight of the fact that in this controversy it is only the legal sufficiency of the showing made by the pleader that we are called upon to determine. In an analogous situation, the Supreme Court of Michigan, in reviewing the propriety of the trial court's ruling directing a verdict for defendant on the ground that the action was barred by limitation and there was no evidence of a fraudulent concealment, stated:

"It is contended that the record shows no reasonable diligence on the part of plaintiff to discover or detect the fraud, and that there is no evidence tending to show positive fraud on the part of defendant. In the consideration of the proposition under discussion it must be kept constantly in mind that the question of the liability of defendant to plaintiff for damages for malpractice is not before us. We are considering the question whether she can get into court to try the case involved in that issue . . .

"Under the circumstances of this case the question of her diligence to discover her condition was one of fact, to be submitted to the jury. Smith on Frauds, sec. 87." (*Groendal* v. *Westrate*, 171 Mich. 92 [137 N.W. 87, 88, Ann.Cas. 1914B 906], cited in *Pashley* v. *Pacific Elec. Ry. Co., supra,* at page 233.)

In *Hobart* v. *Hobart Estate Co.*, 26 Cal.2d 412, 440 [159 P.2d 958], our Supreme Court has expressed the rule as follows:

"Defendants contend, however, that certain facts indisputably known to plaintiff were sufficient to put him on inquiry. These contentions must be examined in the light of the rule announced in *Northwestern P. C. Co.* v. *Atlantic P. C. Co.*, 174 Cal. 308, 312 [163 P. 47]. The court there said that when the facts are susceptible to opposing inferences, whether 'a party has notice of "circumstances sufficient to put a prudent man upon inquiry as to a particular fact," and whether "by prosecuting such inquiry, he might have learned such fact" (Civ. Code, § 19), are themselves questions of fact to be determined by the jury or the trial court.' (See, also *West* v. *Great Western Power Co.*, 36 Cal.App.2d 403, 411 [97 P.2d 1014]; 20 Cal.Jur. 240.)"

Moreover, courts are ever loath to seize upon small circumstances in order to permit one who has been guilty of fraud to escape liability on the ground that the plaintiff was unduly trusting or credulous. (*Victor Oil Co.* v. *Drum*, 184 Cal. 226, 241 [193 P. 243]; *Twining* v. *Thompson*, 68 Cal.App.2d 104, 113 [156 P.2d 29]; *Laraway* v. *First Nat. Bk. of La Verne*, 39 Cal.App.2d 718, 728 [104 P.2d 95].)

 While it properly might be said that in the present case there was not so much a concealment of the cause of action as a concealment of the material facts concerning the extent of the injuries which serve as a basis for the measurement of plaintiff's recovery, nevertheless the case still would appear to come squarely within the holding of the Pashley decision. Undoubtedly here, as in the Pashley case, had plaintiff consulted any reliable physician he would have been promptly informed of the nature and extent of the cancerous condition. Likewise, here as in that case, there is not in a strict sense the concealment of a cause of action. Rather it is the concealment of material facts concerning the extent of the injury which serve as the basis for plaintiff's recovery. However, the Supreme Court therein did not recognize the materiality of such distinction. (See 33 Cal.L.Rev. p. 152.)

Likewise, in the case of *Hansen* v. *Bear Film Co., Inc., supra,* it appears that the defendants properly were found guilty of fraudulent concealment, where there was sufficient evidence from which it could be inferred that they had concealed the real or true situation, the earlier knowledge of which would

have disclosed to the plaintiff the nature and extent of his right of action. (28 Cal.2d 154, 178-179 [163 P.2d 946].)

By a parity of reasoning, it would seem to be clear that the conduct of the defendants need not be shown to be directed specifically against the bringing of an action, but that if it was aimed against the acquisition of the requisite knowledge which would naturally lead to such a result, it comes within the condemnation of the rule. In this connection, the following language from the opinion in the Pashley case (25 Cal.2d at page 235) is appropriate: "its (defendant's) false representation designed to conceal facts known to it and intended *to prevent plaintiff's consulting other physicians and thus hinder him from bringing action* until after the running of the statutory period of limitations, must be deemed to amount to fraud upon the plaintiff and to excuse any greater diligence on his part under the facts disclosed by the complaint." (Italics added.)

In other words, by conduct which has the effect of preventing the injured party from consulting other physicians and thereby becoming aware of the true facts, the defendants have for all practical purposes hindered him from bringing an action until the period of limitation has expired.

We therefore conclude that on the facts alleged the action was timely brought after discovery of the alleged fraud and that the trial court erred in sustaining the demurrer to the complaint.

The judgment is reversed.

Adams, P. J., and Thompson, J., concurred.

A petition for a rehearing was denied February 25, 1947, and respondent's petition for a hearing by the Supreme Court was denied March 27, 1947.