[Civ. No. 16061.   First Dist., Div. One.   Oct. 13, 1954.]

WARREN HEMINGWAY, Appellant, v. SAMUEL H. WAXLER et al., Respondents.

E. F. Delger and Edward A. Friend for Appellant.

Lamb, Hoge & Killion, Dana, Bledsoe & Smith and Joseph W. Rogers, Jr., for Respondents.

BRAY, J.—In a malpractice action plaintiff appeals from a judgment against him on the special defense of the statute of limitations.

## QUESTIONS PRESENTED

1. Sufficiency of the evidence. 2. Do rulings on demurrer as to the statute of limitations bar the right to a trial concerning that issue?

### 1. *Sufficiency of the Evidence.*

December 31, 1950, plaintiff, a truck driver, sustained a broken leg in a motorcycle accident. He was taken immediately to defendant hospital where he was seen by defendant Waxler, a medical doctor. Dr. Waxler ordered X-rays taken of the leg, and after examining them informed plaintiff that his leg was not fractured, only bruised and some ligaments pulled. Dr. Waxler placed ace bandages on the leg and informed plaintiff that it would be all right to put weight on it in a day or two. After about two hours in the hospital, plaintiff returned home. He did not return to the hospital nor see Dr. Waxler again. Two days later, January 2, 1951, he tried to walk and experienced extreme pain in the leg. He then called his family doctor who saw him January 3d, but who could not tell him without X-rays whether or not his leg was broken. Plaintiff had difficulty in being admitted to a hospital, but on January 8, 1951, entered San Mateo Community Hospital. The next day, after X-rays had been taken, a cast was applied to his leg. A second cast was applied on January 12th. While in this hospital, Dr. Freyberger and Dr. Cleary informed him that his leg was broken. After taking further

X-rays they told him that the X-rays showed "some subsequent" and "additional splintering." This was possibly the 10th of January. In spite of the last statement he claims that no one informed him that the condition of the leg was any more serious than it had been originally in the accident. He claims that he did not know that he had suffered any injury during the interval between treatment by defendant Waxler and the treatment given him by the other doctors. Plaintiff was in the San Mateo hospital for 38 days. The cast was removed May 15th. He returned to work July 1st, but was forced to use crutches. He remained on crutches nearly a year until about July, 1952. Complaint was filed May 16, 1952. He testified that in January, 1951, he knew that Dr. Waxler's diagnosis of torn ligaments was wrong and that he had a broken bone instead, but that it was not until after he went to work and discovered that he would probably have trouble with his leg for the rest of his life, that he first realized that he might have suffered further injury because of Dr. Waxler's incorrect diagnosis.

The court found that the action was commenced more than one year after the relationship of physician and patient between plaintiff and defendants had ceased, that the acts or omissions by Dr. Waxler were known to plaintiff more than one year prior to commencement of suit, and that plaintiff more than one year prior to commencement of suit could have discovered by the exercise of reasonable care that he was injured thereby. Therefore, the action was barred by section 340, subdivision 3, Code of Civil Procedure (the one-year statute).

██ The rules governing the application of the statute of limitations are well settled in this state. They are set forth in *Costa* v. *University of California,* 116 Cal.App.2d 445, 454 [254 P.2d 85]: ". . . in malpractice cases the statute cited does not start to run until the date of discovery, *or the date when, by the exercise of reasonable care plaintiff should have discovered the wrongful injury. . . .* ██ As in compensation cases, *Pacific Indem. Co.* v. *Industrial Acc. Com.,* 34 Cal.2d 726, 729 [214 P.2d 530], the issues when the plaintiff discovered his injury and its actionable origin, *or should have discovered them* by the exercise of reasonable care *are questions for the trier of facts.*" (Emphasis added.) In *Ehlen* v. *Burrows,* 51 Cal.App.2d 141, 144 [124 P.2d 82], another rule is expressed, which is not applicable here because the relationship of physician and patient between plaintiff

and defendants did not continue after the first day. It is referred to because it points out that even where the relationship continues the statute of limitations may run. ■ " '. . . the statute of limitations does not commence to run during the continuance of the relationship of physician and patient, unless the patient has discovered the injury or through the use of reasonable diligence should have discovered it.' "

■ It, then, was the duty of the judge as the trier of fact to determine from the evidence whether plaintiff more than one year prior to suit discovered or should have discovered by the exercise of ordinary care the wrongful injury. The evidence clearly shows that the plaintiff in January, 1951, and more than a year prior to suit, discovered that Dr. Waxler's diagnosis of torn ligaments was wrong, and that he had a broken bone instead, which had newly and additionally splintered. This knowledge imposed upon him the duty of ascertaining what the effects of this erroneous diagnosis, and the treatment given by Dr. Waxler, were. Even a layman knows that placing weight on a broken bone is not too beneficial. We cannot say that the trial court was not justified under the evidence in disregarding plaintiff's statement that while he knew of the incorrect diagnosis and the splintering of the bone he did not know of the incorrect treatment. In any event, and this finding alone would support the judgment, there can be little question that plaintiff could and should, when he learned of Dr. Waxler's mistaken diagnosis, have inquired as to the consequences of that error. The exercise of reasonable diligence required such inquiry. "Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact." (Civ. Code, § 19.)

### 2. *Rulings on Demurrer.*

■ Defendant Waxler, separately, and defendant Drees and the defendant hospital, filed demurrers setting up, *inter alia,* the bar of the statute. These demurrers were overruled. Thereafter answers were filed setting up as a separate defense the bar of the statue. This special defense was tried pursuant to the provisions of section 597, Code of Civil Procedure. Plaintiff contends that in view of the rulings on the demurrers, it was improper to grant a trial on the special defense. This con-

tention completely ignores the situation on demurrer. A demurrer, for the purposes of the demurrer only, admits as true the allegations of the complaint. The determination that the facts alleged show that the statute has not run is no final determination of the facts in the case. If plaintiff's contention were correct, then there never would be the necessity of a trial. A plaintiff would be entitled to judgment on his complaint if it stated a cause of action, whether the facts there alleged were true or not. The complaint alleged in detail that plaintiff neither knew nor could have known of the malpractice until within a year of suit. Unfortunately for plaintiff, the proof did not support the allegations of his complaint.

The judgment is affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.