[S. F. No. 21259. In Bank. May 29, 1963.]

MILLIE THOMPSON, Plaintiff and Appellant, v. COUNTY OF FRESNO, Defendant and Respondent.

Walkup & Downing, Bruce Walkup and William B. Boone for Plaintiff and Appellant.

Harold A. Parichan for Defendant and Respondent.

GIBSON, C. J.—This is an appeal by Millie Thompson from an order denying her petition for leave to file a claim for personal injuries against the County of Fresno. The question presented involves a consideration of the provisions of sections 715 and 716 of the Government Code as applied to the facts alleged in the petition.

Section 715 provides in part that a claim against a local public entity relating to a cause of action for physical injury to the person shall be presented not later than the one hundredth day after the accrual of the cause of action. Section 716 provides that the superior court shall grant leave to present a claim after the expiration of the time specified in section 715 if the entity against which the claim is made will not be unduly prejudiced thereby and if the claimant was physically or mentally incapacitated during all of such time and by reason of such disability failed to present a claim during such time.

Plaintiff contends that the allegations of her petition, which are summarized below, establish that because of her physical incapacity she was entitled to relief under section 716 and that the trial court should have so held even though under one theory of the case a claim may have been timely filed under section 715.

It is first alleged as follows: Plaintiff, on July 28, 1960, underwent surgery in Fresno County Hospital with respect to a cervical disc. The operation was performed by agents of the county in such a negligent manner that plaintiff suffered injury to the spinal cord resulting in quadriplegia, i.e., paralysis of all extremities. She was returned to surgery on the same day, and an exploratory operation was performed in

the region of the prior operation. The condition of quadriplegia was not remedied by the second operation, and plaintiff remained paralyzed in all four extremities. She was a patient of the hospital until September 28, 1960, when she was taken to the home of her sister. From July 28, 1960, to and including June 14, 1961, plaintiff was totally physically incapacitated, unable to move from her bed, write, sign her name, reach a telephone, visit an attorney, or personally take any steps to determine the true cause of the paralysis. Because of her physical disability she was unable to file a claim within 100 days after July 28, 1960.

Secondly, it is alleged: At the time of the second operation plaintiff was advised by agents of the county that her paralysis was caused by a stroke which she suffered at the time of or immediately following the first operation. This advice was known by the agents of the county to be false. Plaintiff, who was ignorant of medical matters, accepted the explanation of her condition as correct and relied upon it. On or about April 7, 1961, plaintiff's sister became suspicious that the explanation was not true, and, after consultation with independent medical sources, it was determined that plaintiff's condition was not due to a stroke but to negligence in the performance of the operation. Plaintiff was first so advised on June 14, 1961, and she caused a verified claim to be presented within 100 days following that date.

Plaintiff further alleges that she was in doubt whether the filing of a claim later than 100 days after July 28, 1960, the date of the surgery, would be valid without leave of the court granted pursuant to section 716 and that to fully protect her rights she believed she should obtain such an order.

Affidavits filed with the petition confirmed plaintiff's total physical incapacity and inability to attend to her business and legal concerns. The county did not file an affidavit or present evidence in opposition and did not contend that it would be prejudiced by the granting of the petition.

At the time of its ruling the court made the following statement in writing: "A brief explanation of the ruling may be helpful to counsel. The Court felt that the physical incapacity of the plaintiff to file a claim was clearly established; that [plaintiff's petition] also clearly shows that physical incapacity was not the cause of the failure to file the claim during the one hundred days following July 28, 1960. Government Code section 716 authorizes the Court to grant leave to present a claim after the 100-day period if the

'[c]laimant was physically or mentally incapacitated during all of such time *and by reason of such disability failed to present a claim during such time*; . . .' [Italics added.] The plaintiff's petition shows that a claim was presented within one hundred days after discovery of the alleged malpractice. The timeliness of the claim should be determined by the provisions of the Government Code section 715, which includes the method to be used in computing the time limits involved."[1]

▮ The trial court erred in determining that the petition "shows that physical incapacity was not the cause of the failure to file the claim during the one hundred days following July 28, 1960." According to the uncontradicted allegations the delay in filing a claim was caused by plaintiff's physical incapacity, whether or not the alleged misrepresentations and late discovery of the malpractice were contributing factors. The allegations are not inconsistent since plaintiff's physical incapacity may have prevented her from discovering the misrepresentations and the malpractice sooner than she did. ▮ The requirement of section 716 that the failure to present the claim within the 100-day period be "by reason of such disability" does not mean that the disability must be the sole reason for the delay.

The denial of the petition upon the ground that physical incapacity was not the cause of the delay in filing the claim forces plaintiff, in order to protect her rights, to rely solely on the alleged misrepresentations and late discovery of the malpractice. Although plaintiff's claim, if filed within 100 days after she discovered or should have discovered the malpractice, was timely under section 715 irrespective of incapacity, it was nevertheless important to her to obtain leave under section 716 on the ground of incapacity. The trial court did not determine that the claim was timely filed under section 715, and therefore the risk remained that it would be found in the main action that she discovered or should have discovered the malpractice earlier than 100 days before she presented her claim.

---

[1]For the purpose of computing the time limit prescribed, section 715 provides that the date of accrual of a cause of action to which a claim relates is the date upon which the cause of action accrued within the meaning of the applicable statute of limitations. With respect to malpractice actions, the statute of limitations does not start to run until the plaintiff discovers the wrongful act or through the use of reasonable diligence should have discovered it. (*Stafford* v. *Shultz*, 42 Cal.2d 767, 776 [270 P.2d 1].)

There is no reasonable basis for forcing plaintiff, as the sole means of protecting her rights, to prove the allegations regarding misrepresentations and late discovery of the malpractice. If she had not relied in part on these allegations, she would unquestionably have been entitled to relief on the ground of her conceded incapacity. ▮ The fact that a party has alleged more than is required to justify his right does not obligate him to prove more than is essential, and the unnecessary allegations will be treated as surplusage unless the opposing party would be prejudiced. (*Cohen* v. *Penn Mut. Life Ins. Co.*, 48 Cal.2d 720, 729 [312 P.2d 241]; *Pigeon* v. *W. P. Fuller & Co.*, 156 Cal. 691, 699 [105 P. 976]; *Demetris* v. *Demetris*, 125 Cal.App.2d 440, 443 [270 P.2d 891].) In the absence of inconsistent factual allegations any inconsistency between plaintiff's legal theories is immaterial. (Cf. *Steiner* v. *Rowley*, 35 Cal.2d 713, 718-719 [221 P.2d 9] [holding that a plaintiff may plead his cause of action on inconsistent theories, even in a verified complaint, if no contradictory facts are alleged].)

The order is reversed with directions to grant plaintiff's application for leave to present her claim.

Traynor, J., Schauer, J., McComb, J., Peters, J., Tobriner J., and Peek, J., concurred.