[No. 39424. En Banc. May 1, 1969.]

KATHRYN G. DENISON, *Appellant*, v. LOUISE GOFORTH et al., *Respondents.**

*Clay Nixon* and *Anthony P. Wartnik*, for appellant.

*Williams, Lanza, Kastner & Gibbs* and *Henry E. Kastner*, for respondents.

HALE, J.—Plaintiff brings this action for alleged medical malpractice but levels her main contentions at our interpretation of the statute of limitations in *Lindquist v. Mullen*, 45 Wn.2d 675, 277 P.2d 724 (1954). In a situation where a surgical sponge had been inadvertently enclosed in the surgical wound, we said in that case that the cause of action accrued at the time of the surgical operation. After the instant appeal had been argued, this court reinterpreted the language of RCW 4.16.010 and RCW 4.16.080(2), overruled *Lindquist* in *Ruth v. Dight, ante* p. 660, 453 P.2d 631 (1969), and held that, where medical malpractice is asserted by reason of the leaving of a foreign substance or article in a surgical wound, the cause of action accrues when the patient discovers or earlier when, in the exercise of reasonable care, the patient should have discovered the injury.

*Reported in 454 P.2d 218.

The present complaint asserting a similar kind of medical malpractice was filed in February, 1966. It alleges that about October 11, 1954, the plaintiff, while a patient in the defendant Swedish Hospital, was operated on for removal of a stomach tumor by the defendant, Dr. Louise Goforth. Plaintiff claims that the defendant negligently left the blade of a surgical knife in plaintiff's body, that the blade became lodged in plaintiff's pelvic area, and that it was not discovered by plaintiff until October 29, 1965.

Defendants, doctor and hospital, except for certain formal admissions, made a general denial and pleaded the statute of limitations as an affirmative defense. The trial court sustained the affirmative defense as a matter of law and entered a summary judgment of dismissal on the ground that the "plaintiff's claim is barred by the Statute of Limitations."

At the time of the commencement of this action and throughout the subsequent proceedings including argument of this appeal, our opinion in *Lindquist v. Mullen, supra,* expressed the rule in this jurisdiction concerning medical malpractice cases involving the negligent leaving of foreign substances and articles in a surgical wound. Confronted by such a clear and straightforward declaration of the rule in that case, the learned trial judge applied it to the instant case and held that the statute of limitations commenced to run with the occurrence of the injury, and that the action would be barred if brought more than 3 years after the alleged performance of the surgical operation.

After the present appeal had been argued, this court overruled *Lindquist v. Mullen, supra,* insofar as it applied to medical malpractice cases where a foreign substance or article, such as a sponge, forceps, scissors or hemostat had been negligently enclosed within the surgical wound. *Ruth v. Dight, ante* p. 660, 453 P.2d 631 (1969). In overruling *Lindquist,* we adopted what appeared to be the better rule, that in medical malpractice cases involving the negligent leaving of foreign bodies or substances in the body, the statute of limitations shall commence to run with the discovery of the injury or at such

earlier time as the patient in the exercise of reasonable and ordinary care for her own health and safety should have discovered it.

Our views were that this simply conformed to a strong modern trend, for many jurisdictions have recently turned to the time-of-reasonable-discovery rule, or, as it is sometimes called, the know-or-ought-to-have-known rule. *Gaddis v. Smith,* 417 S.W.2d 577 (Tex. 1967); *Christiansen v. Rees,* 20 Utah 2d 199, 436 P.2d 435 (1968); *Yoshizaki v. Hilo Hosp.,* —— Hawaii ——, 433 P.2d 220 (1967); *Layton v. Allen,* 246 A.2d 794 (Del. 1968); *Cook v. Yager,* 13 Ohio App. 2d 1, 42 Ohio Op.2d 33, 233 N.E.2d 326 (1968); *Wilkinson v. Harrington,* —— R.I. ——, 243 A.2d 745 (1968); *Berry v. Branner,* 245 Ore. 307, 421 P.2d 996 (1966); *Billings v. Sisters of Mercy of Idaho,* 86 Ida. 485, 389 P.2d 224 (1964); *Johnson v. Caldwell,* 371 Mich. 368, 123 N.W.2d 785 (1963); and *Quinlan v. Gudes,* 2 Mich. App. 506, 140 N.W.2d 782 (1966). And the rule has apparently been long standing in California. *Huysman v. Kirsch,* 6 Cal. 2d 302, 57 P.2d 908 (1936); *Thompson v. County of Fresno,* 59 Cal. 2d 686, 381 P.2d 924, 31 Cal. Rptr. 44 (1963).

Accordingly, the summary judgment is reversed with leave to be granted all parties to make timely amendment of their pleadings reasonably in advance of trial.

All Concur.