[No. 14695.   Department One. — July 15, 1892.]

# D. AMESTOY, APPELLANT, v. THE ELECTRIC RAPID TRANSIT COMPANY, RESPONDENT.

95  311
108  29

95  311
111  189

95  311
119  52

95  311
122  310
123  159

95  311
127  45
95  311
128  454

95  311
139  60

95  311
140  699

ELECTRIC STREET-RAILROAD — VOID FRANCHISE — PLEADING — PROMISE TO PAY FOR STREET PAVING — WANT OF CONSIDERATION. — A complaint in an action upon a written obligation for the payment of money, which alleges that the obligation was given by the defendant, an electric street-railroad company, to repay the plaintiff and other property owners for paving the street, in consideration that the plaintiff would not take any steps to prevent the electric company from tearing up the paving and laying its tracks; and which also alleges facts showing that the franchise of the company is void, having been granted by the city council without power, and that the plaintiff and other property owners could and would have prevented the defendant from laying its tracks on the street but for the promise to pay, — shows a want of consideration for the promise, and states no cause of action.

ID. — ASSIGNMENT OF VOID FRANCHISE — VOID ORDINANCE — CONDITION THAT PROPERTY OWNERS BE REPAID. — An assignment of a void franchise confers no rights, and a void ordinance granting a franchise to the assignee, on condition that the grantee repay to property owners all sums paid by them for paving, which the assignor had been required to do under a former void ordinance, cannot constitute a consideration for a promise to pay the money to the property owners.

ID. — OBSTRUCTION OF STREET — PUBLIC NUISANCE — SPECIAL DAMAGE — CONTRACT AGAINST PUBLIC POLICY. — A track laid and poles erected in the street without authority constitute an illegal obstruction, or public nuisance; and where no fact is averred to show special damage to the plaintiff by the obstruction, an agreement not to prevent it is an agreement not to institute a public prosecution, which is against public policy and void, and cannot constitute a consideration for a promise to pay money for not preventing it.

ID. — TAKING UP OF GRANITE BLOCKS — CONSIDERATION OF PROMISE TO PAY FOR PAVING. — The taking up of granite blocks used in paving the street, and which apparently belong to the city, constitutes no consideration for a promise to pay a property owner for the paving done by him, it not appearing that they were sold to the defendant by the plaintiff, or that the plaintiff consented to their removal in consideration of such promise.

PLEADING — GENERAL DEMURRER — SUPPORT OF JUDGMENT — SUFFICIENCY OF STATEMENT — CITY ORDINANCES. — The same distinction between insufficient facts and an insufficient statement of facts, which prevails when it is considered whether the complaint supports the judgment, should prevail upon general demurrer; and although city ordinances are not set out in hæc verba, or pleaded as authorized by section 459 of the Code of Civil Procedure, their existence alleged in the complaint must be considered as against a general demurrer.

ID. — GROUNDS OF SPECIAL DEMURRER. — Upon a general demurrer to a complaint, where the facts necessary to constitute a cause of action are

shown by the complaint to exist, although inaccurately or ambiguously stated, or appearing by necessary implication, the demurrer will be overruled.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion.

*J. L. Murphy*, for Appellant.

*John Haynes*, for Respondent.

TEMPLE, C.—This appeal is from a judgment entered upon demurrer.

From the complaint, it appears that plaintiff owns a lot in the city of Los Angeles, on the west side Los Angeles Street, fronting 83.07 feet on that street. In 1886, the city granted to certain named parties a franchise for a street-railroad, extending through Los Angeles and other streets. The road was only partly constructed, and of course was operated only for a portion of the distance for which the franchise was granted. The franchise was granted upon consideration that the grantees would pave and keep in repair the street between the tracks, and for two feet on each side; the same to be paved whenever ordered paved by the city council, or when the street was paved by owners of frontage. In 1888, the city council by resolution required that portion of Los Angeles Street to be paved, and authorized the paving to be done by private contract. The work was done by owners of frontage, and was accepted by the city. The owners of the franchise did not pave between the tracks, or for two feet on each side, although they were required to do so by the ordinance of the city, but refused so to do. Thereupon the city council directed its street superintendent to remove its rails and track from that street, and the track, rails, and ties were so removed.

The city council claimed that the franchise had been

forfeited for various reasons, which are not set out in the complaint, and the former owners of the franchise, as plaintiff believes, acquiesced in the claim.

Plaintiff and other owners of frontage, finding the street impassable, and believing that the franchise had been forfeited and abandoned, completed the pavement on the street, doing the work which the owners of the franchise had undertaken to do, at a cost to plaintiff of $215.

In the mean time the company which had owned the franchise had become insolvent, and all its property, including its claim to the franchise, were sold to the defendant.

Afterwards, about April, 1890, defendant desired to lay its track upon the street in front of plaintiff's property, and west of the center of the street, but plaintiff and other owners of frontage objected.

It is averred that defendant's assignors had forfeited their franchise, and defendant had obtained none; that the franchise which had been granted had been used for a railway on which cars were propelled by electricity through an overhead system of wires resting on poles, and was therefore void; that the defendant proposed to lay its track on the street, and place wooden poles on each side thereof, and to place wires thereon, for the purpose of propelling cars by electricity; that defendant knew that its franchise was void, and that it had no right to lay its track or erect its poles or propel cars by electricity without the consent of plaintiff and other owners of property.

The city of Los Angeles, by a valid resolution of its council, prevented the defendant from laying its track upon the street, except upon the condition that the company should repay to property owners on the west side of the street all sums which they have paid for paving, which the former company had been required to do as a condition of its franchise.

The owners of frontage intended to prevent the defendant from laying its track, whereupon the defendant

promised in writing to repay to plaintiff and others, in compliance with the city ordinance; and in consideration that plaintiff would not take any step to prevent defendant from laying its track, and for other valuable considerations, did, on or about October, 1890, in writing, promise to pay the plaintiff $215 within a reasonable time, and to pay the other property owners the amounts expended by them for such paving.

The plaintiff thereafter did not prevent defendant from laying its track, but the track was laid the whole length of the street.

It is averred that defendant had no right to lay its track on the street, and plaintiff and other owners could and would have prevented it but for the promise to pay set out.

Further, that in building its railway defendant took up and carried away granite blocks belonging to plaintiff, worth fifteen dollars, which he says constitutes a further consideration.

The demurrer is only on the general ground that the complaint does not state facts sufficient to constitute a cause of action. Though other grounds were stated, they were waived.

The point of the demurrer is, that the alleged promise is without consideration.

Respondent states the rule to be, that only those allegations of the complaint are admitted by the demurrer which are material, and which are well pleaded. As a general proposition, that is undoubtedly correct, but it must be taken in connection with the other well-established rules of pleading. A complaint which would be obnoxious to a general demurrer would not support a judgment. When the latter question arises, courts have always discriminated between insufficient facts and an insufficient statement of facts; and where the necessary facts are shown by the complaint to exist, although inaccurately or ambiguously stated, or appearing by necessary implication, the judgment will be sustained. Reason requires that this same rule shall be applied in the case

of a general demurrer.   Therefore, although the various ordinances are not set out *in hæc verba,* or pleaded as authorized by section 459 of the Code of Civil Procedure, still, as against a general demurrer, their existence must be considered.   The same reason would dispose of the objection that there is no specific allegation that the written promise had been delivered; although as to that I think the averment sufficient.

Does the complaint show a sufficient consideration to sustain the promise?   Or rather, does the complaint show affirmatively the want of a consideration?   For as the writing itself imports a sufficient consideration, such must be the conclusion, unless this presumption has been overcome by the facts stated.

The recitals as to the former railroad company would seem to cut no figure, except to show that the defendant claims to be acting under a franchise which plaintiff avers and shows is void.   The ordinance providing that defendant shall not lay its tracks unless upon the condition that it pay for the paving is also averred, and shown to be void so far as it may be claimed to recognize the existence of a franchise.

At that time the city council had no authority to grant a franchise for a street-railway on which cars were to be propelled by electricity.   We are not called upon, therefore, to determine whether the council, which must exercise its powers solely in the interest of the public, could grant a franchise on condition that the grantee pay a sum of money to a private individual.   Being void, it would constitute no consideration for the promise.

As the track was to be laid and the poles erected in the street without authority, they would constitute an illegal obstruction; in other words, a public nuisance. No fact is averred to show special injury from the proposed nuisance to plaintiff.

It is averred that defendant had no franchise, and plaintiff and others intended to prevent defendant from laying its track in the street.   "Whereupon the defendant company promised in writing to repay plaintiff,

and the other property owners along said street, in compliance with the said order of said city council; and also, for the further consideration that the plaintiff would not take any steps to prevent the said defendant from laying its track on the said street, in front of the said property; and for other good and valuable considerations, the said company did, on or about the first day of October, 1890, in writing, promise and agree with plaintiff, and the said other property owners along said street, that it would pay to plaintiff," etc.

As it does not appear that plaintiff would sustain special damage by the obstruction, he could not prevent it except by instituting a public prosecution. The agreement not to do so would be against public policy and void. It would not, therefore, constitute a valid consideration for the promise sued on.

The owners of frontage, singly or combined, could not confer upon defendant the right to the use of the street. It is difficult to see how, therefore, under the circumstances alleged, there could have been any other good or valuable consideration for the promise.

Had the original franchise been valid, and the defendant the assignee of it, the question would have been different; but as its so-called franchise was void, no rights were derived from it by defendant.

It does not appear that the granite blocks were sold to defendant by plaintiff, or that they were taken by his consent, much less that he consented in consideration of defendant's promise to pay for the paving. The blocks were apparently the property of the city.

I think the judgment should be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion, the judgment is affirmed.

HARRISON, J., PATERSON, J., GAROUTTE, J.