[S. F. No. 949. Department Two.—April 13, 1899.]

## ALEXANDER McKAY, Appellant, v. NEW YORK LIFE INSURANCE COMPANY, Respondent.

Life Insurance—Fraud of Agent—Rescission of Policy—Recovery Back of Premium—Sufficiency of Complaint—Exhibit.—A complaint to recover back a premium paid upon a life insurance policy examined, and held to state a cause of action founded on the fraud of the agent of the insurance company perpetrated in obtaining plaintiff's application for the policy.

Id.—Pleading—General Demurrer—Inferential Averments—Absence of Fault of Plaintiff—Fraudulent Intention of Agent.—The fact that the complaint in such action is subject to a demurrer for uncertainty, in not showing directly that plaintiff signed the application, misconceiving its meaning, and without material fault on his own part, and that the promises of the agent of the defendant were false and fraudulent, and that he had no intention that they should be performed, is not material, in the absence of such demurrer, if such statements sufficiently appear to be true by reasonable and necessary inferences from the facts

averred. These inferences, questioned by a general demurrer only, must be imputed to the complaint for verity in like manner as if they had been directly charged.

ID.—FRAUD OF AGENT ATTACHING TO PRINCIPAL—KNOWLEDGE—RETENTION OF MONEY.—The provision in the policy that the unwritten statements and promises of the agent do not affect the rights of the company does not confer upon the company the right to retain money received in consequence of fraud practiced by the agent, after it has knowledge of the fraud.

ID.—FRAUD UPON BOTH PARTIES—ABSENCE OF FREE CONSENT—VOIDABLE CONTRACT.—The agent having practiced a fraud upon both the insurer and the insured, and there having never been a free consent to the apparent contract, the contract is justly voidable at the instance of either party, if injured thereby.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. A. Belcher, Judge.

The facts are stated in the opinion.

William J. Herrin, for Appellant.

Page, McCutchen & Eells, for Respondent.

BRITT, C.—In this cause the defendant demurred to plaintiff's amended complaint for alleged want of facts to constitute a cause of action; the demurrer was sustained and judgment passed in defendant's favor. It is in substance alleged in said complaint, among other things, that one Mouser, an agent of the defendant insurance company, represented to plaintiff that in consideration of the payment by the latter of a specified annual premium, the company would issue to him a policy of life insurance in such form as to entitle him (among other benefits) to receive from defendant the sum of five thousand dollars in case he survived a period of ten years; that plaintiff believed such representations to be true, and in reliance thereon, and at the instance of said agent, made a written application to defendant for a policy; that the agent prepared such application and read it to plaintiff and assured him that it was properly drawn and "all right"; that plaintiff, induced by said statements and conduct of said agent, signed such application without reading it; that the agent then knew his said representations to be false and fraudulent; that plaintiff paid the first annual premium, and in due time received a policy from defendant which, upon

examination, he discovered would entitle him upon the expiration of the ten-year period to receive the sum of two thousand five hundred and twenty dollars only; that thereupon he returned the policy to defendant "and repudiated and rescinded the contract of insurance therein set forth." He prays judgment for the amount of the first premium paid as aforesaid.

Among the stipulations contained in said application for a policy (a copy of which is annexed to the complaint as an exhibit) was the following: "Inasmuch as only the officers at the home office of the company in the city of New York have authority to determine whether or not a policy shall issue on any application, and as they act on the written answers referred to, no statements, promises, or information made or given by or to the person soliciting or taking this application for a policy . . . . shall be binding on the company or in any manner affect its rights, unless such statements, promises, or information be reduced to writing and be presented to the officers of the company, at the home office, in this application." Plaintiff does not claim that the policy issued to him was not such a policy as was required by the terms of said written application.

Defendant contends: 1. That the averments of the complaint are insufficient to make a case of fraud on the part of Mouser, the agent. We are disposed to concede that as against a demurrer for uncertainty the complaint could not stand; but the demurrer is general, merely that the complaint does not state facts sufficient to constitute a cause of action, and this objection, it has often been held, cannot prevail when the essential facts substantially appear, although some of them are stated defectively. (See *Santa Barbara v. Eldred*, 108 Cal. 294.) The particular of the complaint concerning which we have had most doubt is whether it shows that plaintiff did not, without his own fault, understand the terms and effect of the application signed by him. The paper, however, was itself such that its full import would not be understood readily by one not expert in matters of insurance; it is shown by the application that plaintiff's business is unconnected with such matters, and it seems probable that if he had employed his entire available time in perusing the document from the date of his signature thereto until the present, he could scarcely have as-

certained from its terms alone whether it varied materially from
the oral representations of Mouser. Considering the character
of the document in connection with the averments of the com-
plaint regarding Mouser's assurances that the application was
properly drawn, and was "all right," etc.—from which plain-
tiff would naturally suppose that it was so drawn as to pro-
cure the policy Mouser had promised—we conclude that the
complaint does show sufficiently that plaintiff signed the paper,
misconceiving its meaning, and without material fault on his
own part; in this aspect, therefore, the case is within the rule
of *Maxson v. Llewelyn*, 122 Cal. 195. Similarly, the averment
that Mouser knew his promises to be false and fraudulent car-
ries necessarily the implication that they were in fact false and
fraudulent, and also that he had no intention that they should
be performed; these inferences, questioned by the general de-
murrer only, must be imputed to the complaint for verity in
like manner as if they had been directly charged. (See, besides
cases cited above, *Hays v. Gloster*, 88 Cal. 560, 565; *Langley v.
Rodriguez*, 122 Cal. 580; 68 Am. St. Rep. 70.)

2. It is contended that the fraud of Mouser, if sufficiently
alleged, does yet not attach to the defendant; this is asserted on
the strength of the provision of the application that statements
and promises of the solicitor shall not affect the rights of the
company unless reduced to writing and presented in the appli-
cation. We do not understand that this provision operates to
confer upon the company the right to retain money received in
consequence of fraud practiced by its agent—after it has knowl-
edge of the fraud. How could it retain money under such cir-
cumstances without becoming party to the fraud? Upon the
case stated there was never a free consent to the apparent con-
tract; the agent practiced fraud on both insurer and insured,
and justice requires that the contract be held voidable at the in-
stance of either party—if injured thereby. And such we con-
ceive to be the law deducible from the decisions of this court as
well as others. (*Maxson v. Llewelyn, supra; Jurgens v. Insur-
ance Co.*, 114 Cal. 161; *New York Life Ins. Co. v. Fletcher*, 117
U. S. 519; *Sawyer v. Equitable etc. Ins. Co.*, 42 Fed. Rep. 33-35;
*Selby v. Mutual Life Ins. Co.*, 67 Fed. Rep. 490; *Loehner v.
Home Mutual Ins. Co.*, 17 Mo. 256; *Fisher v. Metropolitan Life

*Ins. Co.,* 160 Mass. 386; 39 Am. St. Rep. 495; 162 Mass. 236.) The judgment should be reversed, with directions to the court below to overrule the demurrer.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed, with directions to the court below to overrule the demurrer.        McFarland, J., Temple, J., Henshaw, J.

Hearing in Bank denied.