[Civ. No. 8505.   Fourth Dist., Div. One.   July 14, 1967.]

DARLENE HARVEY, a Minor, etc., Plaintiff and Appellant, v. CITY OF HOLTVILLE, Defendant and Respondent.

Reynoso, Fidkin & Duddy and Maurice C. Fidkin for Plaintiff and Appellant.

Ewing & McKee and Russell J. Kirk for Defendant and Respondent.

COUGHLIN, J.—Plaintiff, Darlene Harvey, a Minor, appeals from an order denying her petition, filed pursuant to former Government Code, section 912, requesting permission to present a late claim against the defendant City of Holtville.

Plaintiff brought the instant action to recover damages for injuries allegedly caused by the dangerous and defective condition of property owned by defendant. A condition precedent to the maintenance of such an action, under the law applicable at the time, was the presentation of a claim by or on behalf of the injured person "not later than the 100th day after the accrual of the cause of action." (Gov. Code, §§ 910, 911.2, 945.4.) Plaintiff's injuries were sustained on March 29, 1964 when she was five years of age. No claim was presented within the 100-day period. On March 29, 1965 her father, acting on her behalf as her "natural guardian," filed an application with the city council of the defendant city pursuant to former Government Code sections 911.4 and 911.6 for leave to present a late claim. Under these code sections application to present a late claim might be made "within a reasonable time not to exceed one year after the accrual of the cause of action"; and the city council was directed to grant the application where the person who sustained the alleged injury was a minor. As required by law the proposed claim was attached to the application. (Gov. Code, [1963] § 911.4.) Among other things, the claim recited: "All notices or other communications with regard to this claim should be sent to claimant at c/o Don R. Work, Attorney at Law, 634 State Street, El Centro, California." Thereafter Mr. Work, at the address aforesaid, received a letter from the city clerk dated April 13, 1965 which stated: "This acknowledges receipt of the claim of Carolyn Darlene Harvey against the City of Holtville in the amount of $10,744.00. At its meeting last evening, the Council by Resolution No. 950 denied the claim and referred it to the city's insurance carrier." The statute then existing required commencement of suit upon a claim against a city within six months after the claim was acted upon by the city council. (Gov. Code, [1963] § 945.6.) On June 25, 1965, plaintiff, through her father as guardian *ad litem*, filed the instant action. Subsequently demurrers by the defendant to the complaint and amended complaint were sustained. It appears the contention urged by defendant through its demurrers was the complaint did not allege the presentation of a claim within the time prescribed by the statute.

On December 13, 1965, plaintiff, through her guardian *ad*

*litem,* filed a petition in the instant action, pursuant to former Government Code, section 912, applying for leave to present a late claim against defendant. Under that section the court was directed to grant leave to present a late claim if it found the claimant was a minor who had applied to the city council for such leave within a reasonable time and the application had been denied. However, section 912 provided the petition to the superior court ''shall be filed within 20 days after the application to the board [city council] is denied or deemed denied.'' Compliance with this 20-day requirement was mandatory and jurisdictional. (*Dominquez* v. *County of Butte,* 241 Cal.App.2d 164, 167 [50 Cal.Rptr. 448].) The court was not authorized to consider a petition filed after expiration of the 20-day period. (*Ibid.*) ▮ Plaintiff, in her petition, alleged facts she contends estop the city from asserting her failure to file it within a prescribed time as a ground for denial. In substance, she contends the letter from the city clerk stating her claim had been denied constituted a representation her application to file a late claim had been granted and in reliance thereon she did not file her petition with the superior court forthwith. Defendant contends the estoppel issue may not be raised in the instant proceedings but, if at all, only in support of plaintiff's cause of action. There is merit to this contention.

It is fundamental that jurisdiction may not be conferred upon a court by estoppel. (*Estate of Hanley,* 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250] ; *Kientz* v. *Harris,* 117 Cal.App.2d 787, 791 [257 P.2d 41] ; cf. *Ransome-Crummey Co.* v. *Superior Court,* 188 Cal. 393, 398 [205 P. 446] ; *Marshall-Stearns Co.* v. *Deneen Bldg. Co.,* 169 Cal. 229, 233 [146 P. 684].)

The record before us indicates the action is pending. As the facts presented on this appeal are pertinent to plaintiff's cause of action insofar as they affect the claim presentation requirement, it is proper to dispose of questions that may arise in considering this issue.

In the event the letter from the city clerk accurately stated the action taken by the city council, no estoppel is involved. If the city council denied plaintiff's claim it acted upon the claim. The authority to act was premised upon presentation within the time allowed by statute. By its action the council impliedly granted plaintiff's application to make a late presentation.

On the other hand, an estoppel question is presented if the letter from the city clerk did not accurately relate the action taken by the council; if in fact no action upon the claim was taken; and if the only action taken was to deny plaintiff's application to make a late presentation. The letter constituted a representation that action upon the claim had been taken. No notice of denial of the application to make a late presentation was given, as required by Government Code section 911.8. No valid reason existed for denying leave to make a late presentation, because the application had been made within a year following accrual of the cause of action and plaintiff was a six-year-old child. (See Gov. Code, [1963] §§ 911.4, and 911.6.) The law favors granting the relief provided by remedial statutes for the late filing of a claim unless absolutely forbidden. (*Viles* v. *State of California,* 66 Cal.2d 24, 33 [56 Cal.Rptr. 666, 423 P.2d 818].)

In a proper case a public entity may be estopped to assert the failure of a claimant to present a claim, or to present it within time, to avoid liability upon a cause of action conditioned upon the prescribed presentation of a claim. (*Rand* v. *Andreatta,* 60 Cal.2d 846, 849-850 [36 Cal.Rptr. 846, 389 P.2d 382]; *Farrell* v. *County of Placer,* 23 Cal.2d 624, 627 [145 P.2d 570, 153 A.L.R. 323].) Where a claimant, in reliance upon the representation of an authorized employee of the public entity that his application to file a late claim has been granted and his claim denied, loses his right to petition the court for leave to make a late presentation, the public entity will be estopped to assert it did not grant his application. (Cf. *Farrell* v. *County of Placer, supra,* 23 Cal.2d 624, 628.) The public entity is not permitted to profit by such a misrepresentation even though it was not made fraudulently. (*Satterfield* v. *Garmire,* 65 Cal.2d 638, 643 [56 Cal.Rptr. 102, 422 P.2d 990].) The issue presented by a claim of estoppel, under the circumstances heretofore noted, is one of fact. Our statement of applicable principles of law is not to be construed as a determination of this issue as a matter of law.

The order denying the petition to file a late claim is affirmed.

Brown (Gerald), P. J., and Whelan, J., concurred.