[Civ. No. 9195. Fourth Dist., Div. One. Apr. 14, 1969.]

DARLENE HARVEY, a Minor, etc., Plaintiff and Appellant, v. CITY OF HOLTVILLE, Defendant and Respondent.

Reynoso & Duddy and John D. Duddy for Plaintiff and Appellant.

Ewing, McKee & Kirk and Russell J. Kirk for Defendant and Respondent.

COUGHLIN, J.—Plaintiff appeals from a judgment of dismissal following an order sustaining defendant's general demurrer to her amended complaint seeking damages for injuries proximately caused by the dangerous condition of defendant's property.

It appears the contention urged by defendant through its general demurrer was the complaint did not allege the presentation of a claim within the time prescribed by Government Code section 911.2 or the extended time provided by sections 911.4 and 911.6. The court sustained the demurrer and granted plaintiff 20 days to amend. Thereupon plaintiff petitioned the court, pursuant to former Government Code section 912, for leave to file a late claim after denial of application for permission to file such, made pursuant to Government Code section 911.4. The court denied this petition on the ground it had not been filed within the time prescribed by statute. Plaintiff appealed from this order which was affirmed by this court on July 14, 1967. (*Harvey* v. *City of Holtville,* 252 Cal.App.2d 595 [60 Cal.Rptr. 635].) Facts pertinent to the issues on appeal now before this court appear in our opinion on the prior appeal.

On August 28, 1967, which was 14 days after our decision in the former appeal became final, plaintiff filed a notice of motion for a reconsideration of the ruling of the trial court

sustaining the general demurrer to her amended complaint and for an order extending the time within which she might amend. This motion was denied. Thereafter judgment of dismissal, based on the order sustaining the general demurrer and failure of plaintiff to file an amendment within the 20 days granted, was entered. Plaintiff appeals contending (1) the order sustaining the general demurrer was error; and (2) the order denying plaintiff additional time within which to amend also was error.

The briefs in this case give the impression the controversy is between the attorneys rather than between the parties. We disregard references to the ineptness of counsel and other derogatory remarks as immaterial to a determination of the issues on their merits.

The allegations in the amended complaint with respect to presentation of the claims are as follows: ''That within a year after the accrual of the Cause of Action herein stated in this Complaint, Plaintiff, by her guardian ad litem, presented an application for leave to present a late claim with the Defendants, and each of them; said application was accompanied by Plaintiff's claim against said Defendants, and each of them, resulting of her injuries arising from the incidents set forth in this complaint; that the application for leave to present late claim was based on the grounds that Plaintiff was a minor during all of the time specified for the presentation of the claim; that Section 911.6(b) California civil procedure Code states 'The board *shall* grant the application under such circumstances'. Thereafter, within six months prior to the bringing of this Complaint, Plaintiff was notified in writing of the denial of her claim by Defendants, and each of them.''

Apparently the trial court concluded the foregoing allegations did not show presentation of the claim within the time required by law because it was not alleged plaintiff's application for leave to present a late claim had been granted. Although not expressly alleged, the fact her application had been granted is supplied by inference or implication from the allegations she applied for leave to present a late claim, her application was accompanied by her claim, and defendant denied the claim. In our former opinion, anticipating further proceedings in the case, we stated: ''If the city council denied plaintiff's claim it acted upon the claim. The authority to act was premised upon presentation within the time allowed by statute. By its action the council impliedly granted plaintiff's application to make a late presentation.''

A general demurrer admits not only the facts expressly alleged but also facts essential to a cause of action which the facts alleged supply by implication or inference. (*Semi-Tropic Spiritualists' Assn.* v. *Johnson,* 163 Cal. 639, 642 [126 P. 488]; *McKay* v. *New York Life Ins. Co.,* 124 Cal. 270, 272 [56 P. 1112]; *City of Santa Barbara* v. *Eldred,* 108 Cal. 294, 297-298 [41 P. 410]; *Amestoy* v. *Electric Rapid Transit Co.,* 95 Cal. 311, 314-315 [30 P. 550]; *Greenstone* v. *Claretian Theological Seminary,* 173 Cal.App.2d 21, 32 [343 P.2d 161]; *Gallagher* v. *California Pac. Title & Trust Co.,* 13 Cal.App.2d 482, 486 [57 P.2d 195]; see also *Matteson* v. *Wagoner,* 147 Cal. 739, 742 [82 P. 436].)

Although both parties cite and rely upon the rule a general demurrer may be determined only upon the facts supported by the allegations in the amended complaint, unconnected with extraneous matters (*Griffith* v. *Department of Public Works,* 141 Cal.App.2d 376, 381 [296 P.2d 838]), defendant asserts on appeal the insufficiency of the complaint to support a cause of action premised upon an estoppel. Seemingly, the reason for this position is the fact plaintiff in the former appeal urged estoppel as a basis for her petition seeking permission to file a late claim, the consideration given by this court in our opinion on that appeal to the issue of estoppel as related to the merits of the case, and plaintiff's motion requesting an extension of the time allowed to amend was premised on a claim of estoppel which she sought to assert by way of further amendment.

In our opinion on the former appeal we stated ''an estoppel question is presented if the letter from the city clerk did not accurately relate the action taken by the council; if in fact no action upon the claim was taken; and if the only action taken was to deny plaintiff's application to make a late presentation''. (*Harvey* v. *City of Holtville, supra,* 252 Cal.App.2d 595, 598.) It now appears the city council actually denied plaintiff's claim and contemporaneously denied plaintiff's application to file the claim. As noted in our opinion, the claim could not be denied unless it had been filed and the action of the city council in denying the claim is inconsistent with its purported action in denying permission to file the claim. In any event, the city, through the notice given plaintiff by the city clerk, represented the claim had been filed and acted upon. This clearly implied the further representation plaintiff's application to make a late filing had been granted. Assuming plaintiff

relied upon this representation, and for this reason did not petition the court for an order granting leave to present a late claim within the 20-day period provided by former Government Code section 912, she sustained injury as a result of the representation. Under these circumstances estoppel applies for the reason stated in our opinion on the former appeal. (*Harvey* v. *City of Holtville, supra,* 252 Cal.App.2d 595, 598.)

Although we need not determine whether the action of the trial court in refusing to extend the time within which plaintiff might file a further amended complaint was an abuse of discretion because of our conclusion the court erred in sustaining the general demurrer, in light of the probability the issue may be presented to the trial court in the future we conclude plaintiff should be granted permission to file a further amended complaint premised on the theory of estoppel if she requests permission to do so and acts diligently.

██ "It can very rarely happen that a court would be justified in refusing a party leave to amend his pleading so that he may properly present his case." (*Crosby* v. *Clark,* 132 Cal. 1, 8 [63 P. 1022].)

Defendant intimates this court, in discussing the effect of the notice from the city clerk and the probability of the existence of an estoppel under assumed circumstances, volunteered its services on behalf of plaintiff, and its opinion in the premises was dictum. The discussion in the opinion premised on the probability plaintiff will ask permission to present the estoppel theory in a further amendment is in like category.

██ We reply by reference to the rule: Where an appeal is well taken and further proceedings in the action are indicated, it is proper for the appellate court to discuss contentions presented on the appeal that may arise in the course of further proceedings. (*Cake* v. *City of Los Angeles,* 164 Cal. 705, 710 [130 P. 723]; see also *Bradford Investment Co.* v. *Joost,* 117 Cal. 204, 211 [48 P. 1083]; *King* v. *Kaplan,* 94 Cal.App.2d 697, 699-700 [211 P.2d 578].)

The judgment is reversed.

Brown (Gerald), P. J., and Whelan, J., concurred.