[Civ. No. 18622. Third Dist. Oct. 24, 1979.]

EL DORADO IRRIGATION DISTRICT, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
DAVID G. EVANS, Real Party in Interest.

**COUNSEL**

Porter, Scott, Weiberg & Delehant and James K. Mirabell for Petitioner.

No appearance for Respondent.

Dahl, Hefner, Stark & Marois, C. Afton Moore III, James S. Crawford and Judy R. Campos for Real Party in Interest.

**OPINION**

**REGAN, J.**—Petitioner, El Dorado Irrigation District (district), seeks a writ of mandate to compel the Superior Court of Sacramento County to

vacate its order relieving real party in interest (Evans) from the claim-filing requirements of Government Code section 945.4.[1]

On November 30, 1977, while employed by H. M. Byars Construction Company, Evans was injured when a steel pipe fell from a truck causing injury to his left arm and elbow.[2] One hundred twenty days later, on March 30, 1978, Evans engaged a law firm for the purpose of filing a workers' compensation claim. The next day an application was filed; and contemporaneously counsel's attention turned to the possible existence of a third party claim. An investigator was hired promptly, but he did not report the district's status as owner of the construction project to counsel until November 2, 1978.[3]

An application for leave to file a late claim was presented to the district on November 15, 1978; it was denied on January 10, 1979, with the statement "I must respectfully deny both your leave to Present Late Claim and also the claim for your client's bodily injuries." On February 15, 1979, pursuant to section 946.6, Evans filed his petition for relief in the trial court.

Regarding the 100 days prescribed by section 911.2, as the period within which to file a claim, the petition made no comment but the supportive memorandum of points and authorities stated: "Petitioner did not consult counsel within the 100 day limit. It is reasonable that a lay person would not know of the existence of a claim against a governmental entity based upon such legal theories as the entity's failure to provide a safe place to work and its failure to take precautions with respect to a construction activity which involved 'special risks'. Furthermore, petitioner has been diligent in proceeding with his claim against [the district] since that claim's existence was discovered on October 20, 1978."

Affidavits of Evans' counsel alleged the reason the claim had not been filed more promptly was the investigator's failure to complete the

---

[1] Unless otherwise noted, section references henceforth are to the Government Code.

[2] Our factual recitation is taken from the petition and supporting data presented to the trial court.

[3] Much information was presented by petitioner in an effort to justify the delay in filing the section 911.4 application until just before expiration of one year from date of injury (see § 911.4, subd. (b)). We have not detailed it herein, it being immaterial to our decision.

investigation due to the "mistake, inadvertence, surprise and excusable neglect of the claimant, his attorneys and their agents . . . ."

On April 2, 1979, without comment or findings, the trial court granted Evans' petition for relief from the claim-filing requirement. The district filed its writ petition here on May 14, 1979. It claims error in that (1) there was nothing presented to justify Evans' delay beyond the 100-day period of section 911.4, subdivision (a); and (2) there was no sufficient showing that Evans' attorneys acted from excusable neglect or mistake in failing to file for relief until more than six months from the time of the initial contact with Evans. We will sustain the first contention, and having done so need not consider the second; as to it we express no view and none is to be inferred from our holding.

## I

■ Initially we resolve Evans' preliminary contention that the district is estopped to assert the failure to comply with the claim-filing statute because in addition to refusing to allow leave to file a late claim the district also purported to deny the claim itself. Evans cites *Harvey v. City of Holtville* (1969) 271 Cal.App.2d 816 [76 Cal.Rptr. 795] (see also *Harvey v. City of Holtville* (1967) 252 Cal.App.2d 595 [60 Cal.Rptr. 635]) and *McLaughlin v. Superior Court* (1972) 29 Cal.App.3d 35 [105 Cal.Rptr. 384], in support of this proposition.

The *Harvey* and *McLaughlin* cases dealt with and applied classical concepts of estoppel to the claim statute procedures. Fundamental elements of the estoppel doctrine are reliance and detriment. In *Harvey* the public entity notified the claimant that the *claim* was denied, as a result of which (according to plaintiff's contention) plaintiff did not file a petition for relief in the superior court within the ensuing 20-day period then required by section 912[4] (later repealed): the court held that the claimant should be given the opportunity to plead and prove the elements of estoppel and, if appropriate, be allowed to proceed. (See *Harvey, supra,* 271 Cal.App.2d at p. 820.) The *Harvey* court stated (252 Cal.App.2d at p. 598): "Where a claimant, in reliance upon the representation of an authorized employee of the public entity that his application to file a late claim has been granted and his claim denied, loses his right to petition the court for leave to make a late presentation,

---

[4]Obviously where a claim is properly denied (i.e., denied after timely presentation),

the public entity will be estopped to assert it did not grant his application.... The issue presented by a claim of estoppel...is one of fact." In *McLaughlin,* again in reliance upon the public entity's written notice that the *claim* was denied, accompanied by advice regarding a limited time within which to file suit after denial, the plaintiff filed suit without first applying to the court for section 946.6 relief; the court relieved the claimant from the late-claim requirements, satisfied that he "has demonstrated to the satisfaction of this court that the written notice he received from the board misled him into believing that the board had rejected his *claim* rather than his *application for leave to present a claim.* Such notice erroneously included a warning required to be given under section 913 when a *claim* is rejected." (Original italics.) (29 Cal. App.3d at p. 40.)

There is nothing whatever in this record to suggest reliance by or detriment to Evans resulting from the denial's reference to a claim. He filed his section 946.6 petition well within the time allowed. No conceivable estoppel exists.

## II

Section 911.2 requires that a claim relating to personal injury must be presented to a public entity within 100 days following accrual of the cause of action. When such a claim has not been timely presented, section 911.4 permits written application to the public entity for leave to file a late claim. And if the public entity denies such an application, section 946.6, subdivision (c) (1), authorizes a petition to the superior court for relief from the filing requirement, such relief to be granted "if the court finds that the application...under Section 911.4 was *made within a reasonable time* not to exceed [one year after the accrual of the cause of action]...*and* that...the failure to present the claim was *through mistake, inadvertence, surprise or excusable neglect....*" (Italics added.) Correlatively, section 911.4, subdivision (b), requires that "[t]he application shall be presented to the public entity...*within a reasonable time* not to exceed one year after the accrual of the cause of action ...." (Italics added.)

---

there is no need to seek relief from claim-filing requirements before filing suit. Thus one who might treat the rejection of a claim as a concession that it was properly presented could be misled into filing suit without first seeking relief from the claim-filing requirement.

■ Thus a court does not relieve a potential plaintiff of the claim requirements of section 945.4, as a matter of course; he must first demonstrate two essentials by a preponderance of the evidence (*Shaddox* v. *Melcher* (1969) 270 Cal.App.2d 598, 601 [76 Cal.Rptr. 80]); first, that the section 911.4 application was presented within a reasonable time, *and* second, that the failure to file a timely claim was due to mistake, inadvertence, surprise or excusable neglect. (*Tammen* v. *County of San Diego* (1967) 66 Cal.2d 468, 474 [58 Cal.Rptr. 249, 426 P.2d 753].) The "mistake, inadvertence, surprise or excusable neglect" concept is expressly directed to the 100-day period of section 911.2 and not to the "reasonable time not to exceed [one year]"[5] period of sections 911.4 and 946.6. "The showing required of a petitioner seeking relief under the authority of Government Code, section 946.6 on the grounds of mistake, inadvertence, surprise or excusable neglect is the same as required under section 473 of the Code of Civil Procedure for relieving a party from a default judgment." (*Flores* v. *Board of Supervisors* (1970) 13 Cal.App.3d 480, 483 [91 Cal.Rptr. 717, 55 A.L.R.3d 925].)

The trial court's ruling granting the petition carries with it the implied finding that both requirements of section 946.6 were met. Yet there was nothing presented to the trial court to support a finding of the second requirement; no legally cognizable mistake, inadvertence, surprise or excusable neglect of any kind was shown in connection with the passage of the 100 days. The sole effort to explain the failure to file a timely claim was the conclusionary and argumentative statement of counsel in the points and authorities that Evans reasonably could be ignorant of the claim-filing requirements, nothing else. Argument of counsel of course is not evidence. (*Thomas* v. *Thomas* (1944) 66 Cal. App.2d 818, 825 [153 P.2d 389].) Moreover, a mere lack of knowledge of the claim-filing requirements and its time limitation is insufficient. (*Tammen* v. *County of San Diego, supra*, 66 Cal.2d at p. 475; *Baker* v. *Beech Aircraft Corp.* (1974) 39 Cal.App.3d 315, 321 [114 Cal.Rptr. 171, 91 A.L.R.3d 981]; *Martin* v. *City of Madera* (1968) 265 Cal. App.2d 76, 80-81 [70 Cal.Rptr. 908]; see *Transit Ads, Inc.* v. *Tanner Motor Livery, Ltd.* (1969) 270 Cal.App.2d 275, 281 [75 Cal.Rptr. 848].)

Thus, the trial court had no evidentiary basis upon which to base its grant of the judicial relief requested. (See *Tammen, supra*, 66 Cal.2d at

[5]Nonetheless, notions of mistake, inadvertence, surprise, and excusable neglect necessarily affect the question of reasonable time.

page 475; *Roberts* v. *State of California* (1974) 39 Cal.App.3d 844, 847 [114 Cal.Rptr. 518]; *Baker* v. *Beech Aircraft Corp., supra,* 39 Cal. App.3d at page 321; *Martin* v. *City of Madera, supra,* 265 Cal.App.2d at pages 80-81.) The court ignored the statutory mandate. We are mindful of the liberal interpretation to be accorded section 946.6. (See *Viles* v. *State of California* (1967) 66 Cal.2d 24, 31 [56 Cal.Rptr. 666, 423 P.2d 818].) But we cannot and should not blind ourselves to its express limitations.

Let a peremptory writ of mandate issue directing the trial court to set aside its order granting relief and to deny the application. The order to show cause is discharged.[6]

Puglia, P. J., and Paras, J., concurred.

The petition of the real party in interest for a hearing by the Supreme Court was denied December 27, 1979. Mosk, J., was of the opinion that the petition should be granted.

---

[6]Following oral argument and submission, Evans sought leave to produce additional evidence before this court bearing on the question of why nothing was offered in the trial court regarding the 100-day limitation. We have denied that request, but note that Evans may yet seek relief in the trial court based upon such matters either under Code of Civil Procedure section 473 (see 5 Witkin, Cal. Procedure (2d ed. 1971) Attack on Judgment in Trial Court, § 126 et seq., p. 3702) or by separate action in equity (§ 165, p. 3738). We of course express no view regarding the merits of any such proceeding.