Filed 3/17/25  Trapp v. Maham Corp. CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| BENNIE G. TRAPP, JR. et al., | |
| Plaintiffs and Appellants, | E081888 |
| v. | (Super.Ct.No. RIC1906211) |
| MAHAM CORP. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Eric A. Keen, Judge.  Affirmed in part, reversed in part with directions.

Andrews Law Group and Brian C. Andrews for Plaintiffs and Appellants.

Manjlai Law and Haroon Manjlai for Defendants and Respondents.

Plaintiffs Bennie G. Trapp Jr. (Trapp) and Kerrie Louise Trapp as trustee of the Bennie Garrett Trapp Jr. Special Needs Trust (the trust) appeal from an order denying the trust's motion for attorney fees and costs.  We reverse the order and remand with directions to grant the motion.

1

BACKGROUND[1]

Trapp entered into an agreement with Maham Corp. (Maham) in December 2016 to lease certain residential property from January 1, 2017, to December 31, 2018.  The lease agreement contained an addendum that gave Trapp the right either to purchase the property on December 31, 2018, for $110,000 or to renew the lease through the end of 2020.  If Trapp exercised the right of renewal, the lease agreement provided him "the option, on December 31, 2020, to purchase the premises for a fair market value at that time" to be determined by a real estate appraiser or a real estate professional.

In December 2019, Trapp filed a lawsuit against Maham, Sayid Ali, and Jawad Afzal (collectively, defendants), seeking declaratory relief and alleging that defendants breached the lease agreement by listing the property for sale without offering Trapp the right of first refusal.  Trapp alleged that he renewed the lease agreement on or before December 31, 2018, and that he learned in November 2019 that defendants listed the property for sale for $169,000.  He further alleged that in December 2019 he sent defendants a residential purchase agreement with an offer to purchase the property at the asking price.  Defendants allegedly did not respond to the offer.

---

[1]     Our summary of the facts is based on the record on appeal.  We do not consider factual assertions contained in appellants' briefs that are not supported by evidence in the record.  (*Nick v. City of Lake Forest* (2014) 232 Cal.App.4th 871, 879.)  ""Citing points and authorities filed in the trial court is not appropriate support for factual assertions in a brief.  Points and authorities are not presented under penalty of perjury.  Matters set forth in points and authorities are not evidence." (*Alki Partners, LP v. DB Fund Services, LLC* (2016) 4 Cal.App.5th 574, 590.)  Argument by counsel at a court hearing is also not evidence.  (*El Dorado Irrigation Dist. v. Superior Court* (1979) 98 Cal.App.3d 57, 62.)

In conjunction with filing the complaint, Trapp filed with the superior court a lis pendens concerning the property.[2]  In January 2021, the trial court ordered the case to be mediated by May 7, 2021.

Trapp filed a first amended complaint in February 2021 in which he again alleged causes of action for breach of contract and declaratory relief.  Trapp alleged that Maham breached the lease agreement by not accepting his offer to purchase the property for $169,000.

According to the superior court's docket, an assigned mediator conducted the court-ordered mediation in May 2021, and the mediation "ended in nonagreement."  In August, the trial court expunged the lis pendens filed by Trapp.

Trapp filed a second amended complaint in October 2021.  He alleged two breach of contract causes of action and requested declaratory relief.  Trapp alleged that defendants breached the lease agreement by refusing a December 2018 offer that he made to purchase the property for $110,000 and also by refusing to perform on a separate agreement to sell the property to the trust for $169,000.  He attached the signed purchase agreement to the pleading.  It was entered into by the trust and Maham in April 2020, with Maham agreeing to sell the property to the trust for $169,000.

---

[2]  ""In California, a notice of lis pendens [or a notice of pending action] gives constructive notice that an action has been filed affecting title or right to possession of the real property described in the notice.  [Citation.]  Any taker of a subsequently created interest in that property takes his [or her] interest subject to the outcome of that litigation."  [Citation.]  If an action asserts a 'real property claim,' any party to the action may record a lis pendens."  (*Rey Sanchez Investments v. Superior Court* (2016) 244 Cal.App.4th 259, 262.)

3

In October 2021, the trust filed a lawsuit against defendants for specific performance of the purchase agreement. The trial court consolidated the lawsuits in May 2022, and the trust then filed a first amended complaint for specific performance of the purchase agreement.

The trial court held a bench trial in October 2022. In a statement of decision issued in January 2023, the court found that in December 2018 Trapp exercised his option under the lease agreement to purchase the property for $110,000 but also found that Trapp waived the right to purchase the property at that price by doing nothing to enforce that right. The court further found that Trapp later offered to purchase the property for $169,000 and that defendants accepted the offer in November 2019. The court further found that during escrow Trapp and defendants agreed to an amended price of $150,000. The court ordered "the property that is the subject of the 12/29/16 residential lease agreement sold to the Bennie Garrett Trapp, Jr. Special Needs Trust or to Mr. Trapp. Defendants, jointly and severally, are ordered to sell the property at $150,000 . . . ."

Thereafter, the trust filed a motion for an award of attorney fees and costs in the amount of $116,961.25. The trust argued that it was entitled to attorney fees under the purchase agreement as the prevailing party.

The attorney fees provision of the purchase agreement provides: "In any action, proceeding or arbitration between Buyer and Seller arising out of this Agreement, the prevailing Buyer or Seller shall be entitled to reasonable attorney fees and costs from the

4

non-prevailing Buyer or Seller, except as provided in paragraph 22A." Paragraph 22A reads: "The parties agree to mediate any dispute or claim arising between them out of this Agreement, or any resulting transaction, before resorting to arbitration or court action through the C.A.R. Real Estate Mediation Center for Consumers (www.consumermediation.org) or through any mediation provider or service mutually agreed to by the Parties. . . . If for any dispute or claim to which this paragraph applies any party (i) commences an action without first attempting to resolve the matter through mediation or (ii) before commencement of an action refuses to mediate after a request has been made, then that Party shall not be entitled to recover attorney fees even if they would otherwise be available to that Party in any such action. . . . Exclusions from this mediation agreement are set forth in paragraph 22C." Paragraph 22C(2) provides: "The following shall not constitute a waiver nor violation of the mediation and arbitration provisions: . . . (ii) the filing of a court action to enable the recording of a notice of pending action, . . . ."

The trust argued that it satisfied the mediation requirement in paragraph 22A by attending the court-ordered mediation in the Trapp litigation before it filed its lawsuit. It stated: "This case, including demands by both Plaintiffs, *to wit*, Garrett Trapp, an individual, with regard to his already filed lawsuit, as well as the demands of The Bennie Garrett Trapp, Jr. Special Needs Trust (hereinafter the 'The Trust'—and at that time being represented in this matter by Garrett Trapp) were all mediated on May 3, 2021. Trustee, Kerri Trapp was available to participate remotely upon request." (Capitalization

5

and boldfacing omitted.) Counsel for the trust filed a declaration in support of the motion. The only statement he made concerning the court-ordered mediation is: "Defendants and Plaintiffs did specifically mediate the issues raised in the Trust lawsuit, as part of Mediation undertaken in related civil action on May 3, 2021."

Defendants opposed the motion, arguing that the court-ordered mediation did not satisfy the purchase agreement's mediation requirement and that the trust otherwise failed to satisfy the agreement's mediation requirement because the trust filed the lawsuit without first attempting to resolve the dispute through the specific mechanisms set forth in the agreement. Ali submitted a declaration in support of the opposition. He attested that neither Trapp nor the trust ever asked him to mediate any disputes related to the property. Ali stated that he would have agreed to mediation conducted by the C.A.R. Real Estate Mediation Center for Consumers or other mediation service providers.

The trust addressed defendants' arguments in its reply and also argued for the first time that it was exempted from the mediation requirement because it filed the lawsuit in order to record and maintain a lis pendens. In support of its argument that the lis pendens exception in paragraph 22C(2) applied, the trust relied on *Blackburn v. Charnley* (2004) 117 Cal.App.4th 758 (*Blackburn*), which involved a residential purchase agreement containing a similar attorney fees provision, mediation requirement, and lis pendens exception. (*Id.* at p. 767.)

The trial court continued the hearing on the motion and allowed defendants to file a sur-reply in order to address the new argument concerning the lis pendens. Defendants

6

argued that the lis pendens exception was inapplicable because the trust did not file a lis pendens with the court, thus rendering any recorded lis pendens void under sections 405.22 and 405.23 of the Code of Civil Procedure. Defendants further argued that no evidence of a lis pendens recorded by the trust was presented at trial or introduced in support of the attorney fees motion.

Defendants requested that the trial court take judicial notice of its own docket, which reflected that no lis pendens had been filed. After defendants filed the sur-reply, the trust filed a request for judicial notice of a lis pendens that the trust recorded with the county clerk on October 18, 2021, the same day that the trust filed its original complaint.

The trial court issued a tentative ruling in which it indicated that it was inclined to deny the motion. The trust requested a hearing on the motion, which the trial court held. The court took judicial notice of the lis pendens that the trust recorded with the county clerk in October 2021.

At the hearing, the court indicated that it had updated the tentative to include two additional paragraphs addressing *Blackburn* and the lis pendens exception in the purchase agreement. The court described the added paragraphs as follows: "And what I indicated in the last two paragraphs is that our residential purchase agreement doesn't have the same provision as what was dealt with in Blackburn which specifically talked about not having to comply with the mediation requirement if you're filing an action to contest a lis pendens. [¶] That's not in the residential purchase agreement. And in the last paragraph I actually—my research attorney sent it to me, basically just sort of word-for-word what's

in the residential purchase agreement." The court asked both parties' counsel if they had reviewed the amended version. The trust's attorney responded: "I have the most current tentative that the Court just described." The version of the tentative ruling in the record on appeal does not include the two additional paragraphs addressing the lis pendens exception.[3]

Both counsel argued about whether the lis pendens exception applied. The trust's attorney argued that, contrary to the court's tentative ruling, the purchase agreement did have a lis pendens exception to the prelitigation mediation requirement. The trust's counsel described where the exception was located in the agreement and quoted the language of the exception. Defendants' attorney did not deny that the contract contained a lis pendens exception but instead argued that the exception did not apply.

After hearing argument from both counsel, the trial court denied the motion for the reasons stated in its tentative ruling and adopted the tentative ruling as the court's order. But the court also acknowledged that the purchase agreement contained the lis pendens exception on which the trust's counsel relied: "I do appreciate . . . you pointing out the paragraph (c)(2) and then Roman Numerals I, II, III. I have that up in front of me. I've

---

[3] In their opening brief, Trapp and the trust assert (without citation to any evidence) that the two additional paragraphs that the trial court described at the hearing "are not present in the tentative ruling possessed by Appellant's counsel or in the tentative ruling available to download on the court's website. Appellants assert that the tentative was never changed and/or that any such change was never published, and thus, tentative remains as issued originally." That assertion contradicts appellants' counsel's express acknowledgement in the trial court that he had received the amended version of the tentative ruling.

been able to read it a couple of times. Both counsel have read it a couple of times. [¶] At this point though, the Court is going to adopt its tentative."

The court found the trust to be the prevailing party on its action for specific performance of the purchase agreement, but the court nevertheless concluded that the trust was not entitled to attorney fees because it failed to comply with the mediation requirement contained in paragraph 22A. The court reasoned that the court-ordered mediation in Trapp's lawsuit did not satisfy paragraph 22A's requirements because (1) the mediation was court-ordered and not conducted by the provider specified in the agreement or by a mutually chosen provider and (2) the trustee did not participate in the mediation. In addition, the court did not analyze whether Trapp was entitled to attorney fees under the purchase agreement. The court concluded that Trapp was not entitled to attorney fees because he did not file a motion for attorney fees.

DISCUSSION

Trapp and the trust contend that the trial court erred by not awarding them attorney fees pursuant to the purchase agreement. We agree as to the trust.

Civil Code section 1717 provides: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (*Id.*, subd. (a).) "Reasonable attorney's fees shall be fixed by

9

the court, and shall be an element of the costs of suit." (*Ibid.*) Attorney fees contractually authorized by section 1717 of the Civil Code are recoverable as costs under Code of Civil Procedure section 1032. (Code Civ. Proc., § 1033.5, subds. (a)(10)(A), (c)(5)(B).) Such attorney fees "shall be fixed either upon a noticed motion or upon entry of a default judgment, unless otherwise provided by stipulation of the parties." (Code Civ. Proc., § 1033.5, subd. (c)(5)(A).)

"The fundamental goal of contractual interpretation is to give effect to the mutual intention of the parties." (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264; Civ. Code, § 1636.) "Such intent is to be inferred, if possible, solely from the written provisions of the contract." (*AIU Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807, 822; Civ. Code, § 1639.) If contractual language is clear, explicit, and not absurd, the language governs. (Civ. Code, § 1638; *Bank of the West*, at p. 1264.)

We independently review the trial court's interpretation of a written contract unless "the contract is ambiguous and conflicting extrinsic evidence is admitted to assist the court in interpreting the contract." (*Tribeca Companies, LLC v. First American Title Ins. Co.* (2015) 239 Cal.App.4th 1088, 1110.) We also independently review the determination of the legal basis for an award of attorney fees. (*Greif v. Sanin* (2022) 74 Cal.App.5th 412, 454 (*Greif*); *Blackburn*, *supra*, 117 Cal.App.4th at p. 767.) We review the trial court's factual findings for substantial evidence. (*Winograd v. American Broadcasting Co.* (1998) 68 Cal.App.4th 624, 632.) We do not "reweigh evidence,

reappraise the credibility of witnesses, or resolve factual conflicts contrary to the trial court's findings." (*Eidsmore v. RBB, Inc.* (1994) 25 Cal.App.4th 189, 195.)

Trapp argues that he was entitled to attorney fees under the purchase agreement as a prevailing party. The argument fails. The trial court declined to determine whether Trapp was a prevailing party and instead did not award Trapp attorney fees because he did not file his own motion for attorney fees. In order to be awarded attorney fees pursuant to a contract, the party seeking the award must file a noticed motion for attorney fees if the parties do not stipulate otherwise. (Code Civ. Proc., §1033.5, subd. (c)(5)(A); *Russell v. Trans Pacific Group* (1993) 19 Cal.App.4th 1717, 1723-1725.) Trapp did not file a motion for attorney fees, and the record contains no evidence that the parties otherwise stipulated that Trapp was entitled to attorney fees under the purchase agreement. He accordingly did not satisfy the statutory requirement of filing a noticed motion to be awarded attorney fees. (Code Civ. Proc., §1033.5, subd. (c)(5)(A).) The trial court therefore did not err by not awarding Trapp attorney fees. (*Ibid.*)

The trust contends that the trial court erred by not awarding it attorney fees because (1) the trust satisfied the prelitigation mediation requirement of paragraph 22A by attending the court-ordered mediation in the Trapp litigation and (2) in any event, the trust was exempted from the mediation requirement in paragraph 22A because the trust filed its lawsuit in order to record a lis pendens on the property. We need not address whether the trust satisfied the prelitigation mediation requirement by attending the court-ordered mediation, because we agree that the trust was exempted from that requirement.

11

The lis pendens exception to the mediation requirement provides that "the filing of a court action to enable the recording of a notice of pending action" "shall not constitute a waiver nor violation" of the mediation requirement in paragraph 22A. On October 18, 2021—the same day that the trust filed its complaint—the trust recorded a lis pendens with the county clerk. (Code Civ. Proc., § 405.20.) That same day, the trust served Maham and Maham's agent for service of process with the lis pendens. (*Id.*, § 405.22.) According to the superior court docket, the trust did not file the lis pendens with the court. The efforts undertaken by the trust in recording and serving the lis pendens on the same day that the lawsuit was filed satisfied the contractual requirement that the trust filed the lawsuit "to enable the recording of a notice of pending action." The lis pendens exception to the prelitigation mediation requirement accordingly applies, and the trust is therefore entitled to recover its attorney fees as the prevailing party. (*Greif*, *supra*, 74 Cal.App.5th at p. 455; *Blackburn*, *supra*, 117 Cal.App.4th at p. 768.)

Defendants' only argument to the contrary fails. Defendants contend that the trust "has not presented any arguments pertaining to CCP §§ 405.22 and 405.23, and why its *Lis Pendens* is valid, despite failure to comply with mandatory procedural requirements stated therein ('Immediately following recordation, a copy of the notice *shall* also be filed with the court in which the action is pending.' CCP § 405.22.)" (Boldface omitted.) The trust did not have to make any such argument or showing. First, the trial court did not reject application of the lis pendens exception on the basis of noncompliance with Code

12

of Civil Procedure section 405.22. Second, by its terms the lis pendens exception applies if a court action was filed "to enable the recording of a notice of pending action." That contractual requirement was satisfied by the trust's recording and service of the lis pendens on the same day that it filed the lawsuit. Those facts show that the trust filed its lawsuit "to enable the recording of a notice of pending action."

For the foregoing reasons, we conclude that the trial court erred by denying the trust's motion for attorney fees under the purchase agreement.

DISPOSITION

The order declining to award attorney fees to Trapp is affirmed. The order denying the trust's motion for attorney fees is reversed, and the matter is remanded with directions to grant the motion and determine the amount of the attorney fees award. The parties shall bear their own costs of appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MENETREZ
J.

We concur:

RAMIREZ
P. J.

RAPHAEL
J.

13